COOPERATIVA DE CRÉDITO DE EMPLEADOS I.T.T., demandante y peticionaria, *v.* LA SOCIEDAD DE BIENES GANANCIALES compuesta por los esposos ARTELIO ORTIZ y FERMINA SEVILLA, demandada y recurrida.

*Número:* O-76-3     *Resuelto:* 5 de marzo de 1976

*Juan E. Santana Suárez*, abogado de la peticionaria; *César A. Melesio*, abogado de Artemio Ortiz Rodríguez y Fermina Sevilla Ríos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Ante la Sala de Toa Alta del Tribunal de Distrito presentó la Cooperativa de Crédito peticionaria, demanda en cobro de $711.51 balance impagado de préstamo hecho a la socia Fermina Sevilla Ríos por el que ésta firmó y entregó un pagaré el 26 de marzo de 1974. En el título de la demanda se designa a la parte demandada como "La Soc. de Bienes Gananciales de Artelio Ortiz y Fermina Sevilla Ríos" pero la diligencia de emplazamiento por el alguacil acredita que la deudora Fermina fue personalmente emplazada el 11 de febrero de 1975 y en autos aparece que ella personal e individualmente compareció en el pleito, asistida de abogado, mas no planteó defensa de pago y sí formuló moción de sentencia sumaria aduciendo que no existe parte demandada porque la sociedad de gananciales entre ella y Artelio había sido disuelta por sentencia de 4 de junio de 1969, cinco años antes. El tribunal de instancia identificó el planteamiento como cuestión

jurisdiccional inducido por el Art. 105 del Código Civil(¹) y desestimó la demanda sumariamente en cuanto a ambos ex-cónyuges demandados. Apeló la Cooperativa pero el Tribunal Superior (Bayamón) desestimó el recurso por faltar la relación del caso, función que la Regla 54.11(b) de las de Procedimiento Civil asigna al juez de instancia y no al apelante.

Al acudir ante nos la Cooperativa en *certiorari*, expedimos orden para mostrar causa por la que no deba modificarse la sentencia sumaria de Toa Alta "al solo efecto de excluir de sus términos a la deudora Fermina Sevilla Ríos, contra quien deberá proseguir el pleito como única demandada." La deudora Sevilla Ríos ha intervenido con escrito sosteniendo la sentencia, pero entendemos que ésta no debe prevalecer.

■ En *Corporación Azucarera* v. *Tribunal Superior*, 104 D.P.R. 214 (1975), instamos a los jueces para que en beneficio de la "solución justa, rápida y económica" de los pleitos se tomen la iniciativa de usar los recursos de Reglas, aun cuando las partes no los promuevan. Y en *Sucn. Carderaros* v. *Tribunal Superior*, 103 D.P.R. 721 (1975), dijimos que las Reglas no han de causar preocupación hipnótica. El cobro de dinero es quizás la más sencilla de las reclamaciones y ésta ha tenido que recorrer todo los niveles judiciales abortada por un espejismo técnico que hizo desdoblar en dos personas distintas a Fermina Sevilla, ex-cónyuge en una sociedad de gananciales disuelta y Fermina Sevilla la que tomó $1,636.00 a préstamo de su Cooperativa de crédito, nublando la verdad fundamental de que hay una sola obligada verdadera.

■ Si la que tomó el préstamo y se benefició del dinero de sus compañeros de Cooperativa fue personalmente emplazada y se sometió a juicio, ¿qué dificultad presentaba una enmienda al título para que figure ella como única parte deman-

---

(¹)Art. 105, Código Civil (31 L.P.R.A. sec. 381)
"El divorcio lleva consigo la ruptura completa del vínculo matrimonial y la separación de propiedad y bienes de todas clases entre los cónyuges."

dada? Ese es un camino más práctico que desestimar y obligar a la acreedora a iniciar nuevo pleito contra la parte realmente interesada. La Regla 17.2 de Procedimiento Civil instruye que el tribunal "podrá dictar las órdenes que crea oportunas para evitar dificultades, dilación o gastos a una parte debido a la inclusión de otra contra quien nada reclama y quien nada reclama contra ella y podrá ordenar juicios por separado o dictar cualquiera otra providencia para evitar dilación o perjuicio y podrá dictar sentencia sobre una reclamación de o contra una o más partes de acuerdo con lo dispuesto por la Regla 44.2." Y la Regla 18 condena la desestimación por defecto o indebida acumulación de partes.

*Se expedirá el auto y se revocará la sentencia dictada el 3 de junio de 1975 por el Tribunal de Distrito (Toa Alta) en cuanto respecta a la deudora Fermina Sevilla Ríos contra quien deberá proseguir el pleito como única parte demandada, subsistiendo los términos de la sentencia recurrida en lo que concierne a Artelio Ortiz quien fue correctamente excluido del litigio.*