Pedro Reyes Castillo y otros, demandantes y recurrentes,
v. Cantera Ramos, Inc. y otros, demandados y recurridos.

*Número:* RE-94-471 *Resuelto:* 24 de enero de 1996

*Arturo Aponte Parés*, abogado de la parte recurrente; *Luis A. González* y *Carmen Pilar Cruz Rosario*, abogados de la parte recurrida.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Una vez más nos vemos precisados a revitalizar la norma procesal de que las demandas hay que interpretarlas de forma liberal a favor del demandante, impidiendo que meras sutilezas interfieran con la resolución en los méritos de las controversias y el deber de los tribunales de impartir justicia.

# I

El 20 de mayo de 1994, el Tribunal de Primera Instancia, Sala Superior de Bayamón, emitió una sentencia parcial mediante la cual desestimó la reclamación de daños a la propiedad presentada por los demandantes siguientes:

1) Pedro Reyes y Mercedes García
2) Gilberto González y Zenaida Vélez
3) Víctor Rosa Olivo y Felícita Reyes Rondón
4) José Amador Rosario y María Burgos Vega
5) Héctor Reyes y Magaly Martínez Martínez
6) Andrés Reyes Rondón y Carmen García
7) Rafael Alvarado y Ana Milba Díaz
8) Ernesto Rodríguez Robles y Delia López
9) Luis Angleró Miranda y Ramona Rivera Calderón
10) Angel L. Vargas y María S. Beltrán Aponte
11) Juan A. Rivera y Antonia Bracero
12) Ramón Rondón Reyes y Justina Fernández

Basó su decisión en que al estar estas parejas de demandantes casados entre sí y pertenecer las propiedades que eran objeto de la reclamación a la sociedad de bienes gananciales compuesta por dichos matrimonios, la sociedad era parte indispensable en el pleito para poder aducir la reclamación de daños a la propiedad. Estimó que la acción de las sociedades de bienes gananciales estaba prescrita. Entendió que no procedía autorizar una enmienda a las alegaciones, para incluir a las sociedades de bienes gananciales como demandantes, cinco (5) años y nueve (9) meses después de haberse presentado la demanda original. Indicó que estas enmiendas no se podían retrotraer al momento cuando se presentó la demanda original,[1] ya que el momento para determinar el cómputo del término prescriptivo, cuando lo que se pretende es incluir un demandante o

---

[1] La demanda original fue presentada el 20 de octubre de 1987. El 7 de febrero de 1989 se presentó una demanda enmendada mediante la cual se incluyeron a tres (3) demandados adicionales: Mineco Corporation, Drilex Corporation y Hermanos Ramos, Inc.

demandado, es cuando éste forma parte de la demanda por primera vez.

Inconforme con esta determinación, la parte demandante recurrió ante nos para alegar que el foro de instancia erró al no permitir la enmienda a la demanda y al resolver que la reclamación de las sociedades de bienes gananciales estaba prescrita. Arguyó que como la parte demandante aún no había concluido la presentación de su prueba, el tribunal tenía discreción para permitir la enmienda solicitada. En cuanto a la prescripción, estimó que, a base del Art. 277 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2761, y al hecho de que se trataba de las mismas partes y de que no se estaba estableciendo una nueva causa de acción, la enmienda se retrotraería al momento cuando se presentó la demanda original, por lo tanto, la reclamación no estaba prescrita.

Así las cosas, ordenamos a los demandados a mostrar causa por la cual no deberíamos dejar sin efecto la sentencia parcial dictada por el foro de instancia.

## II

Reiteradamente, hemos resuelto que la sociedad de bienes gananciales es una entidad separada y distinta de los cónyuges que la componen y que tiene personalidad jurídica propia. *Int'l Charter Mortgage Corp. v. Registrador*, 110 D.P.R. 862 (1981); *Rovira Tomás v. Srio. de Hacienda*, 88 D.P.R. 173 (1963); *Echevarría v. Despiau*, 72 D.P.R. 472 (1951). Sin embargo, como bien señala el comentarista procesalista Cuevas Segarra, la sociedad de bienes gananciales "es una entidad económica familiar *sui generis*, de características especiales, que no tiene el mismo grado de personalidad jurídica que las sociedades ordinarias o entidades corporativas". J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1984, Vol. II Cap. IV, pág. 87. Véanse:

*Int'l Charter Mortgage Corp. v. Registrador,* supra, págs. 865–866; M. Fraticelli Torres, *Un nuevo acercamiento a los regímenes económicos en el matrimonio: la sociedad legal de gananciales en el Derecho puertorriqueño,* XXIX Rev. Jur. U.I.A. 413 (1995).

Luego de la reforma de 1976, que estableció la coadministración de la sociedad de bienes gananciales, ambos cónyuges advinieron a ser administradores de ésta con capacidad para representarla. Ley Núm. 51 de 21 de mayo de 1976 (31 L.P.R.A. secs. 284, 286, 3661, 3671–3672 y 3717). No obstante, hemos resuelto que en acciones donde se pueda afectar el patrimonio de la sociedad de bienes gananciales, resulta aconsejable, y en ciertas circunstancias indispensable, que ambos cónyuges estén incluidos como partes en la acción. *Carrero Suárez v. Sánchez López,* 103 D.P.R. 77 (1974); *Caraballo Ramírez v. Acosta,* 104 D.P.R. 474 (1975); *Alicea Álvarez v. Valle Bello, Inc.,* 111 D.P.R. 847 (1982); *Pauneto v. Núñez,* 115 D.P.R. 591 (1984); *Cepeda Torres v. García Ortiz,* 132 D.P.R. 698 (1993); *Rodríguez Rodríguez v. Moreno Rodríguez,* 135 D.P.R. 623 (1994).

Ahora bien, en nuestra jurisdicción rige la norma procesal de que las alegaciones simplemente cumplen con el próposito de bosquejar "a grandes rasgos, cuáles son las reclamaciones, de forma tal que la parte demandada quede notificada de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse si así lo desea". *Ortiz Díaz v. R. & R. Motor Sales Corp.,* 131 D.P.R. 829, 835 (1992). Véanse: *Mercado Cintrón v. Zeta Com., Inc.,* 135 D.P.R. 737 (1994); *Moa v. E.L.A.,* 100 D.P.R. 573 (1972). Por otra parte, se establece que la relación de las alegaciones será sucinta y sencilla, y que será sólo por excepción que se tengan que hacer alegaciones específicas. Reglas 6.1, 7.2, 7.3, 7.4 y 7.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. También resulta axiomático que al interpretarlas hay que hacerlo de forma conjunta, las unas con

las otras, tomando en consideración el epígrafe y la súplica de la demanda, cuando esto ayude a determinar si los demandados están razonablemente prevenidos de lo que los demandantes les están reclamando. Las alegaciones hay que interpretarlas con el propósito de hacer justicia. Regla 6.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Ortiz Díaz v. R. & R. Motor Sales Corp.*, supra; *Rivera v. Otero de Jové*, 99 D.P.R. 189 (1970); *Moa v. E.L.A.*, supra; Cuevas Segarra, *op. cit.*, Cap. III, pág. 67.

 Ya desde 1948 habíamos advertido a los litigantes "que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos ... [y que h]ace tiempo que los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimiento incurridos por su adversario". *Serra v. Autoridad de Transporte*, 68 D.P.R. 626, 629 (1948). Recientemente reconocimos que el problema aún persiste al expresar que "[e]n ocasiones los trámites judiciales se complican innecesariamente e impiden que las controversias puedan resolverse en forma justa, rápida y económica conforme lo dispuesto en la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III". *Méndez v. Ruiz Rivera*, 124 D.P.R. 579, 581 (1989). Esto no significa, sin embargo, que las partes pueden hacer abstracción total de las normas procesales, pues éstas van encaminadas a salvaguardar los derechos de las partes y a establecer mecanismos para la tramitación ordenada de los casos en los tribunales, de forma tal que se garantice a las partes el debido proceso de ley.

A pesar de todas nuestras advertencias, el caso de autos refleja, una vez más, el hecho de que aún no hemos logrado desterrar de nuestro sistema judicial el concepto que tienen algunos litigantes de que meras sutilezas procesales

impedirán que los casos se resuelvan en los méritos y se imparta justicia sustancial.

Pasemos ahora a aplicar las normas antes expuestas a los hechos específicos del caso ante nuestra consideración.

## III

En el caso de autos, los demandantes incluyeron en el epígrafe de la demanda presentada el 20 de octubre de 1987, con su nombre y apellidos, a ambos cónyuges e hicieron constar que éstos comparecían por sí y en representación de sus hijos. No expresaron explícitamente que comparecían a nombre y en representación de la sociedad de bienes gananciales compuesta por ellos. Sin embargo, en la primera alegación de dicha demanda expresaron "[q]ue los demandantes [eran] dueños cada uno de ellos de una propiedad dedicada a vivienda, localizada en el Barrio Guaraguao, Sector Rondón, Bayamón, Puerto Rico". De otra parte, en las alegaciones Núms. 7, 8 y 9 expresaron, en términos generales, que las actividades y actuaciones negligentes de los demandados al llevar a cabo la explotación de una cantera para la extracción de piedras, les ocasionaron daños a las estructuras de su propiedad.[2] En la alegación Núm. 11 nuevamente hicieron mención de que la explotación de la cantera les impedía el uso y disfrute de sus propiedades y que constituía un estorbo público. Finalmente, en la súplica solicitaron que se condenase a los demandados a satisfacer solidariamente a los demandantes los daños causados.

Una interpretación liberal y razonable de todas estas alegaciones en conjunto, tomando en consideración el epígrafe y la súplica de la demanda, nos lleva a concluir que los demandantes comparecieron e hicieron las reclamacio-

---

[2] Véanse, además, las alegaciones Núms. 8, 9, 10 y 14 de la demanda enmendada presentada el 7 de febrero de 1989.

nes en varias capacidades: en su capacidad personal y en representación de sus hijos y de sus respectivas sociedades de bienes gananciales. La demanda, aunque no es un ejemplo de lo que debe ser una alegación bien hecha, cumple cabalmente con el propósito de informar a los demandados, a grandes rasgos, las reclamaciones en su contra y a quién pertenecen estas reclamaciones. Éstos estuvieron razonablemente prevenidos de lo que se les reclama.

Esta interpretación de las alegaciones indiscutiblemente cumple con el propósito de hacer justicia sustancial sin violentar el debido proceso de ley. En un caso donde hayan comparecido ambos cónyuges como demandantes, el solo hecho de haberse omitido en el epígrafe de la demanda la frase "y en representación de la sociedad de bienes gananciales compuesta por ambos", no los priva de la reclamación perteneciente a esa entidad creada en virtud de su matrimonio si del resto de las alegaciones de la demanda, interpretadas en conjunto y de forma liberal a favor de los demandantes, junto con el epígrafe y la súplica, razonablemente se desprenden dichas reclamaciones.

El caso *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192 (1978), no milita contra esta interpretación. En *Franco v. Mayagüez Building, Inc.*, supra, se trataba de una acción de daños y perjuicios que emanaba de un accidente del trabajo. El Fondo del Seguro del Estado compensó a la Sra. Claudia Pérez de Franco. Luego de finalizado el trámite administrativo, ésta y su esposo presentaron una acción para reclamar daños contra un tercero y su compañía de seguros. No incluyeron específicamente a la sociedad de bienes gananciales en la demanda. Ahora bien, para la fecha cuando se presentó la demanda ya había transcurrido el término prescriptivo para instar la acción en daños. Tanto la causa de acción del esposo de la señora Franco como la de la sociedad de bienes gananciales estaba prescrita. La Ley de Compensaciones por Accidentes del Trabajo sólo establece la interrupción del decursar del tér-

mino prescriptivo en acciones en daños en casos que emanan de accidentes del trabajo, para los beneficiarios, o sea, para las personas que quedan cobijadas bajo sus disposiciones. Ni el esposo de la señora Franco ni la sociedad de bienes gananciales eran beneficiarios. A la luz de estas circunstancias fue que resolvimos que la reclamación de lucro cesante perteneciente a la sociedad de bienes gananciales estaba prescrita. Determinamos que la sociedad de bienes gananciales, a quien pertenecía dicha acción, no la reclamó dentro del término prescriptivo. Esta es una situación muy distinta a la que hoy tenemos ante nuestra consideración.

Por las razones antes expuestas, *se expide el auto solicitado y se dictará sentencia para revocar la sentencia parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 20 de mayo de 1994 y devolver el caso al foro de instancia para que continúen los procedimientos de forma compatible con esta opinión.*

El Juez Asociado Señor Corrada Del Río emitió una opinión concurrente. El Juez Asociado Señor Rebollo López no intervino.

— O —

Opinión concurrente emitida por el Juez Asociado Señor Corrada Del Río.

En este caso el Tribunal resuelve que, de un análisis integral de las alegaciones y de todos los pormenores procesales del caso, se puede inferir que la sociedad legal de gananciales estuvo presente en el litigio desde sus comienzos, lo cual hace innecesario una enmienda para incorporarla propiamente al epígrafe del pleito.

A pesar de que comparto esta visión interpretativa a la que llega el Tribunal, entiendo que existen disposiciones de

índole procesal que de igual forma resuelven la controversia planteada. Veamos.

En síntesis, en este recurso nos corresponde determinar si luego de transcurridos seis (6) años desde que se presentó una demanda sobre *injuction* y de daños y perjuicios procede que ésta se enmiende para incluir a las sociedades legales de bienes gananciales compuestas por varios de los matrimonios que comparecen como demandantes en el pleito, a los efectos de que les correspondía a éstas y no a aquéllos hacer la reclamación en cuestión.

I

Surge de los documentos que se acompañan a este recurso que el 20 de octubre de 1987 varios residentes del barrio Guaraguao de Bayamón presentaron, en su carácter personal, una demanda sobre *injuction* y de daños y perjuicios contra, entre otros, la Cantera Ramos, Inc. En síntesis, alegaron que la codemandada Cantera Ramos, Inc. se ha dedicado a la explotación de una cantera para la extracción de piedra, mediante detonaciones de explosivos, en un área cercana a la residencia de los demandantes desde hacía dos (2) años; que dichas detonaciones de explosivos fueron efectuadas de forma negligente y en contravención a las leyes y los reglamentos que regulan este tipo de actividad, y que, como consecuencia de tales actos negligentes por parte de los demandados, sus residencias han sufrido y continúan sufriendo graves daños. Los demandantes solicitaron que se les indemnizara por los daños sufridos por sus residencias y que se ordenase el cierre de las operaciones de la cantera referida por considerarla un estorbo público.

El 8 de febrero de 1989, la parte demandante sometió una demanda enmendada para añadir como codemanda-

dos a los dueños del solar donde se ubica la cantera referida.

Tras los trámites de rigor, se señaló la vista en su fondo del caso. Durante su celebración y antes de que la parte demandante hubiese concluido con el desfile de prueba, la codemandada, Cantera Ramos, Inc., presentó una moción de desestimación al amparo de la Regla 39.2(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, el 24 de marzo de 1993. En síntesis, en ésta se adujo que, durante el transcurso de la vista en su fondo, quedó establecido por el testimonio de los demandantes que las propiedades cuyos daños se reclaman pertenecían a las sociedades de gananciales constituidas por éstos, y que tal parte indispensable no había sido incluida en la reclamación instada.

Asimismo, argumentó la parte demandada que no procedía permitir una enmienda para incorporar a las referidas sociedades de bienes gananciales, pues al no haber sido incluidas dichas partes dentro del año de instarse la reclamación, su causa de acción había prescrito.

La parte demandante presentó la Oposición a Moción de Desestimación de 6 de agosto de 1993. En ésta solicitó que se enmendara la demanda por haberse presentado una prueba *sin oposición* a los efectos de que la sociedad de gananciales compuesta por los demandantes eran los dueños de los bienes inmuebles afectados, ya que en la vista testificaron de la inversión que la sociedad de gananciales había hecho en la propiedad.

Así las cosas, el 20 de mayo de 1994, el entonces Tribunal Superior, Sala de Bayamón (Hon. Zulma Zayas Puig, Juez), dictó una sentencia parcial final que acogió la moción de desestimación de la codemandada y, por consiguiente, desestimó la reclamación por daños a la propiedad correspondientes a las estructuras cuyos titulares fueren las sociedades de gananciales no incluidas en el pleito. Resolvió el tribunal que no procedía la enmienda solicitada

para incluir a las sociedades de gananciales referidas, ya que su acción había prescrito.

Oportunamente, la parte demandante interpuso una solicitud de conclusiones de hechos adicionales, la cual fue denegada por el tribunal de instancia mediante una resolución notificada el 31 de agosto de 1994. El 15 de septiembre de 1994, la parte demandante presentó una moción de reconsideración, la cual fue rechazada de plano por el Tribunal a quo al al éste no haberse expresado sobre ésta.

Inconforme con dicha sentencia parcial final acude ante nos la parte demandante recurrente para formular los señalamientos de error siguientes:

A) Erró el Tribunal al no permitir la enmienda de la demanda.

B) Erró el Tribunal al determinar que la acción estaba prescrita. Petición, pág. 3.

## II

En su primer señalamiento de error, aduce la parte demandante recurrente que incidió el tribunal de instancia al no permitir que se enmendara la demanda para incluir a las sociedades de gananciales compuestas por los matrimonios demandantes en este litigio. En apoyo de su contención sostiene que al haber presentado los demandantes prueba en la vista sin oposición de los demandados, a los efectos de que las propiedades afectadas pertenecían a las sociedades de gananciales compuestas por los demandantes, procedía la enmienda solicitada para conformar las alegaciones a la prueba desfilada, según lo establece la Regla 13.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Entendemos que el error se cometió. Veamos.

La sociedad legal de gananciales es una entidad separada y distinta de los cónyuges que la componen. *Rovira Tomás v. Srio. de Hacienda*, 88 D.P.R. 173 (1963); *Echevarría v. Despiau*, 72 D.P.R. 472 (1951). Esto significa que en una situación en que la sociedad legal de gananciales sea

parte indispensable en un pleito, es necesario incluirla como tal o su acción podría estar prescrita al momento de solicitar su inclusión.

La Regla 16.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece, en lo pertinente, que "[l]as personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas". Al respecto, hemos establecido que en aquellos casos donde le corresponda a la sociedad de gananciales reclamar una acción y ésta no comparezca dentro del término prescriptivo para así hacerlo, perderá el derecho a dicha reclamación. Así, por ejemplo, en *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192, 195 (1978), se desestimó una causa de acción —lucro cesante— que correspondía reclamar a la sociedad de gananciales, habiéndose levantado debidamente la defensa de prescripción por parte de los demandados en ese caso.

Dispone la Regla 18 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que:

> La indebida acumulación de partes no constituirá motivo para desestimar un pleito. Cualquier parte podrá ser adicionada o eliminada por orden del Tribunal, a iniciativa de éste, o a moción de parte en cualquier estado del procedimiento, bajo las condiciones que fueren justas. Cualquier reclamación contra una parte puede ser separada y proseguirse independientemente.

Al respecto, hemos expresado que un tribunal no puede desestimar un pleito porque en éste haya una indebida acumulación de partes. *Meléndez v. Levitt & Sons of P.R., Inc.*, 106 D.P.R. 437 (1977); *Coop. de Crédito v. Soc. de Gananciales*, 104 D.P.R. 675 (1976); *Torres Reyes v. Tribunal Superior*, 94 D.P.R. 398 (1967); *Vega v. Cía. Popular de Transporte*, 72 D.P.R. 525 (1951).

Posteriormente, en *Meléndez Gutiérrez v. E.L.A.*, 113 D.P.R. 811, 816 (1983), dijimos que de acuerdo con las disposiciones de la Regla 18 de Procedimiento Civil, *supra*, "la omisión de una parte indispensable, aunque es motivo

para desestimar un pleito, no constituye impedimento para que, a solicitud de la parte interesada, el Tribunal pueda conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando el Tribunal pueda adquirir jurisdicción sobre la misma".

A tales efectos, la parte demandada recurrida aduce que no es posible la inclusión de las sociedades legales de gananciales, partes que son indispensables en la adjudicación final de la controversia presentada ante el foro de instancia, ya que la reclamación a la que tiene derecho dicha parte está prescrita. Entendemos que no le asiste la razón.

En el caso de autos tenemos un planteamiento de distinta naturaleza. Aquí debemos determinar si es posible enmendar la demanda para incluir nuevos demandantes según surge de prueba desfilada, que no fue objetada por los demandados.

La Regla 13.2 de Procedimiento Civil, *supra*, dispone, en lo pertinente:

*13.2 Enmiendas para conformar las alegaciones con la prueba*
Cuando con el consentimiento expreso o implícito de las partes se sometan a juicio cuestiones no suscitadas en las alegaciones, aquéllas se considerarán a todos los efectos como si se hubieran suscitado en las alegaciones. La enmienda de las alegaciones que fuere necesaria para conformarlas a la evidencia a los efectos de que las alegaciones reflejen las cuestiones suscitadas, podrá hacerse a moción de cualquiera de las partes en cualquier momento, aun después de dictarse sentencia; pero la omisión de enmendar no afectará el resultado del juicio en relación con tales cuestiones. Si se objetare la evidencia en el juicio por el fundamento de ser ajena a las cuestiones suscitadas en las alegaciones, el tribunal podrá permitir las enmiendas y deberá hacerlo liberalmente, siempre que con ello se facilite la presentación del caso y la parte que se oponga no demuestre a satisfacción del tribunal que la admisión de tal prueba perjudicaría su reclamación o defensa. El tribunal podrá conceder una suspensión para permitir a la parte opositora controvertir dicha prueba.

En *Parrilla García v. Fuentes Fluviales*, 92 D.P.R. 168, 176 (1965), al analizar la interacción de la Regla 13.2 con la Regla 12.1 (32 L.P.R.A. Ap. III), expresamos que:

Nada hay en la Regla 12.1 que requiera una enmienda formal de las alegaciones por parte del demandante para que éste pueda deducir su reclamación contra el tercero demandado. Si por virtud de las alegaciones una contienda queda trabada entre el demandante y el tercero demandado y durante la vista del caso el demandante presenta prueba contra el tercero demandado y éste tiene oportunidad de contrainterrogar los testigos y presentar prueba en contrario, *las alegaciones deben considerarse enmendadas a los efectos de establecer una reclamación directa del demandante contra el tercero demandado. La Regla 13.2 autoriza las enmiendas de las alegaciones para conformarlas a la prueba.* (Énfasis suplido.) Véase, además, *Torres Cruz v. Municipio de San Juan*, 103 D.P.R. 217, 219 (1975).

Igual relevancia tienen estas expresiones en cuanto al demandado original, como en el caso de autos. Así, en *Moa v. E.L.A.*, 100 D.P.R. 573, 586 (1972), al interpretar la Regla 13.2, *supra*, expresamos que:

La enmienda no introdujo una causa de acción nueva como sostiene la parte recurrida. Simplemente aclaró un concepto que estaba implícitamente expuesto en la demanda original, o que se podía racionalmente inferirse [sic] de sus alegaciones, esto es, que el padre también reclamaba por daños morales con motivo del accidente que le ocurrió a su hijo. Lo que se aclaró, por la enmienda, fue que en el resarcimiento deberían participar el hijo y su padre, en pago de sus respectivos daños sufridos, en las respectivas cantidades que fijara el tribunal a quo.

Posteriormente, en *Canales Velázquez v. Rosario Quiles*, 107 D.P.R. 757, 763–764 (1978), resolvimos que dado que la prueba cuestionada en alzada surgía del testimonio de la demandante, tocaba entonces a la parte demandada en dicha etapa objetar su admisibilidad y, al no hacerlo, brindó implícitamente su consentimiento y permitió que se esti-

maran como enmendadas las alegaciones, a tenor con lo dispuesto en la Regla 13.2 de Procedimiento Civil, *supra*.([1])

En el caso de autos, la vista de la cual surge que las propiedades supuestamente fueron afectadas por las actuaciones de los demandados se celebró entre el 1ro y 4 de febrero de 1993, según consta de la propia moción de desestimación presentada por la parte demandada. Sin embargo, no fue hasta el 24 de marzo de 1993 que se presentó la moción de desestimación, esto es, cuarenta y ocho (48) días luego de que desfilara la prueba de que los titulares de las propiedades en controversia eran las sociedades gananciales de los matrimonios demandantes, y permitir de este modo que se enmendaran las alegaciones para añadir estos nuevos demandantes.

Por otro lado, la Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que:

*13.3. Retroactividad de las enmiendas*
Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original las enmiendas se retrotraerán a la fecha de la alegación original. Una enmienda para sustituir la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si, en adición a cumplirse con el requisito anterior, *y dentro del término prescriptivo*, la parte que se trae mediante enmienda (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra. (Énfasis suplido.)

Sobre este particular, en *Ortiz Díaz v. R. & R. Motor Sales Corp.*, 131 D.P.R. 829, 837 (1992), expresamos que "[l]o importante para que se retrotraiga la enmienda al momento de la presentación de la demanda original es que ésta surja de 'la conducta, acto, omisión o evento expuesto en la alegación original....' Por lo tanto, si la demanda ori-

---

([1]) Véanse, al mismo efecto: *Arvelo v. Román*, 65 D.P.R. 743, 746 (1946); *Betancourt v. U.S. Fidelity & Guaranty Co.*, 78 D.P.R. 650, 652 (1955).

ginal se presentó en tiempo, las enmiendas también estarán en tiempo; no surgirá, pues, problema alguno de prescripción, no importa cuándo se hayan presentado las enmmiendas". (Cita omitida.) Así, cuando se da tal condición, si la demanda original se presentó a tiempo dentro del período prescriptivo correspondiente, las enmiendas también estarán a tiempo no importa cuán tarde hubiera ocurrido la enmienda.

Sin embargo, si con la enmienda a la demanda se intenta añadir un nuevo demandante o demandado, el momento para determinar el término prescriptivo es cuando se incluya el nuevo demandante o demandado por primera vez en la demanda, con *excepción de lo dispuesto en las Reglas 13.3, 15.1 y 15.4* de Procedimiento Civil, 32 L.P.R.A. Ap. III, y de la situación en que haya solidaridad entre demandante o demandado ya incluidos en la demanda, y el nuevo demandante o demandado. *Ortiz Díaz v. R. & R. Motors Sales Corp.*, supra.

Aunque como está fraseada, la regla dispone sólo sobre enmiendas para adicionar demandados, sus requisitos son relevantes por analogía para considerar enmiendas que adicionen demandantes. Por ello, para que una enmienda que añade un demandante, como en el caso de autos, se retrotraiga al momento de la demanda original, la demanda enmendada debe exponer una reclamación que surja de la misma conducta, transacción o evento que haya sido expuesto en la acción original presentada. El demandado debe, además, haber tenido conocimiento de la existencia de la causa de acción pendiente dentro del plazo prescriptivo y de la involucración de los nuevos demandantes. Tal y como concluye el comentarista José Cuevas Segarra,[2] "[e]l punto crucial es examinar si el demandado sabía o debía saber de la existencia y envolvimiento de los nuevos demandantes. En algunas instancias

---

[2] J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1992, Vol. II, pág. 56.

la relación entre el demandante original y el nuevo forman una identidad de intereses suficiente para determinar la existencia de conocimiento".

Comentando la Regla 15(c) de Procedimiento Civil federal,[3] de la cual proviene nuestra citada Regla 13.3, el comentarista J. Moore[4] expresa que:

> While de Rule as phrased deals only with changing defendants, courts have applied it to amendments substituting or adding plaintiffs. Of course, assertion of a wholly new cause of action is not permitted under the Rule, and relation back of an amendment joining a complete stranger to the original action is rare. Rather, before permitting the untimely joinder of an additional plaintiff to relate back, courts have generally required a showing of *sufficient identity of interest between the original and new plaintiff, or some other indication that the defendant has been put on timely notice of additional claims,* as well as asbsence of prejudice to defendant. (Énfasis suplido.)

Sobre el efecto que tiene la enmienda sobre las disposiciones estatutarias de prescripción, nos argumenta Moore:

> Similar considerations apply even when an amendment has the effect of joining a new party defendant [or plaintiff] to the proceedings, since such joinder will not be subject to relation back unless there is a sufficient identity of interest between the new and old parties so as to ensure that the new party has had adequate notice, and the resulting protection which the statute of limitations was designed to provide. 3 *Moore's Federal Practice 2d*, pág. 15-174 (1995).

Se desprende de lo anterior que el criterio fundamental que se debe considerar al momento de retrotraer la enmienda en la cual se adiciona un nuevo demandante es si existe una identidad de intereses tal que el demandado tuvo conocimiento sobre la causa de acción que se pretende presentar con la nueva parte.

---

[3] Fed. Rules Civ. Proc. rule 15(c), 28 U.S.C.

[4] 3 *Moore's Federal Practice 2d*, pág. 15-174 (1995).

Surge de la jurisprudencia federal, donde se ha discutido el alcance de la Regla 15(c) de Procedimiento Civilfederal, 28 U.S.C., de la cual proviene la Regla 13.3 local, *supra,* que para que sea válida la adición de un nuevo demandante, que se incorpore a un pleito en virtud de una enmienda que se presenta luego de que una de las partes desfile prueba no objetada a tales efectos, se requiere el cumplimiento de varios criterios:

1. La reclamación a la que se refiere la nueva enmienda deberá surgir de la misma conducta o causa de acción que la reclamación original.

2. Existe una identidad de intereses entre los demandantes originales y las reclamaciones entabladas por éstos y aquellas que se pretenden adicionar mediante enmienda.

3. Conceder la enmienda no acarrea perjuicio indebido a la parte demandada.

Veamos en detalle la jurisprudencia de la que surgen los criterios antes esbozados.

Adviértase que el primer criterio, al cual nos referimos, está establecido directamente en el propio texto de las Reglas 15(c) y 13.3, respectivamente. Así pues, analizaremos los restantes dos (2) criterios.

En *Farner v. Fireman's Fund Ins. Co.,* 748 F.2d 551 (10mo Cir. 1984), el tribunal determinó que no procedía una enmienda en un caso entablado por el oficial de una corporación contra la aseguradora de dicha corporación que rehusó defenderlo en una acción, cuando dicha enmienda pretendía incluir a los abogados que instaron esa acción debido a que dichos abogados no tenían ninguna relación con la parte original en el pleito. Sin embargo, en *Itel Capital Corp. v. Cupus Coal Co., Inc.,* 707 F.2d 1253 (11mo Cir. 1983), se permitió adicionar al propietario de una corporación por existir una relación de identidad de intereses entre éste y dicha corporación.

Así también, en *Williams v. United States*, 405 F.2d 234 (5to Cir. 1968), en una acción por daños entablada por la madre de un menor en representación de éste, se permitió la enmienda para adicionar a dicha madre como codemandante según la premisa de que existía una identidad de intereses entre ambas partes, por lo que se podía entender que la reclamación inicial recogía ambas causas de acción.

Finalmente, en *Allied Intern. v. Intern. Longshoremen's Ass'n*, 814 F.2d 32, 35–36 (1er Cir.), *cert.* denegado, 484 U.S. 820 (1987), se determinó que procedía retrotraer una enmienda al momento de la presentación de la demanda original, al expresar el Tribunal que:

> Although the relation back of amendments switching plaintiffs—as opposed to defendants—is not explicitly treated in Rule 15(c), "the attitude taken in [the rule] toward change of defendants extends by analogy to amendments changing plaintiffs." Fed.R.Civ.P. 15(c) advisory committee note. Thus, when revision of a complaint has the effect of substituting a fresh plaintiff for the original one, three requirements must be met if the former's claim is different and is to relate back: *the amended complaint must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and undue prejudice must be absent.* (Énfasis suplido.)

El tercero y último requisito tiene como propósito salvaguardar el derecho de la parte demandada a tener la oportunidad de prepararse adecuadamente para enfrentar la litigación en cuestión.[5]

A tales efectos, los demandados en el caso de autos habían sido debidamente emplazados y tenían conocimiento de las reclamaciones y su naturaleza, ya que el pleito aquí en controversia comenzó al presentarse la demanda el 20

---

[5] *Allied Intern. v. Intern. Longshoremen's Ass'n*, 814 F.2d 32, 37–38 (1er Cir. 1987). Véanse: *Hill v. BASF Wyandotte Corp.*, 782 F.2d 1212, 1213–1214 (4to Cir. 1986); *Travelers Indemnity Co. v. United States*, 382 F.2d 103 (10mo Cir. 1967).

de octubre de 1987. Es innegable que existe una distinción entre la sociedad de gananciales y los cónyuges que la componen; sin embargo, en el caso de autos los demandados fueron conscientes desde el primer momento que dentro de las reclamaciones incoadas se encontraba el supuesto daño sufrido por las estructuras. Así pues, luego de que surgiera en la vista que dichas estructuras pertenecían a las sociedades de gananciales y que la parte demandada no levantase oportunamente objeción a tales efectos, su inacción constituyó un consentimiento implícito para que se enmendara la demanda y se incluyesen a las sociedades legales de gananciales como demandantes, retrotrayéndose tal enmienda al momento cuando se presentó la demanda original, tal y como lo establecen las Reglas 13.2 y 13.3 de Procedimiento Civil, *supra*.

No se ocasiona perjuicio indebido a la parte demandada cuando se retrotrae a la fecha original de presentación de la demanda para adicionar una parte demandante cuando la demanda original ya exponía la conducta, la transacción y los eventos de los cuales se podía deducir la reclamación de la nueva parte adicionada al litigio, debido a la identidad de intereses entre la nueva demandante y la demandante original, si la parte demandada no objeta la prueba que da lugar a la enmienda al presentarse ésta en el juicio. Por otro lado, en un caso como el de autos, donde han comparecido ambos cónyuges como demandantes, el solo hecho de haberse omitido en el epígrafe de la demanda la frase "y en representación de la sociedad de gananciales compuesta por ambos", no los priva de la reclamación perteneciente a esa entidad creada en virtud de su matrimonio, si del resto de las alegaciones de la demanda, interpretadas en conjunto y de forma liberal a favor de los demandantes, junto con el epígrafe y la súplica, razonablemente se desprenden dichas reclamaciones.

Por los anteriores fundamentos, concurrimos con el resultado al que llega la mayoría del Tribunal.