Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Elisa Collazo Martínez<br><br>Apelante<br><br>vs.<br><br>José R. Hernández Rey<br><br>Apelado | KLAN202301129 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.: AR2022CV01446<br><br>Sobre: División de Bienes Gananciales |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 2 de febrero de 2024.

Comparece ante nos, la señora Elisa Collazo Martínez (Sra. Collazo Martínez o apelante), quien presenta recurso de "Apelación" en el que solicita la revocación de la "Sentencia Parcial" emitida el 14 de noviembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante dicho dictamen, el foro primario determinó que la pensión recibida por el señor José R. Hernández Rey (Sr. Hernández Rey o apelado) en concepto de seguro social federal es de carácter privativo.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

La Sra. Collazo Martínez y el Sr. Hernández Rey contrajeron matrimonio el 14 de febrero de 2007. Poco más de 14 años

---

[1] Notificada el 15 de noviembre de 2023.

Número Identificador

SEN2024 _____

después, la apelante solicitó el divorcio y, mediante "Sentencia" emitida el 9 de noviembre de 2021, se declaró disuelto el vínculo matrimonial habido entre las partes.

Posteriormente, el 16 de agosto de 2022, la Sra. Collazo Martínez presentó una "Demanda" sobre división de bienes gananciales. Entre otras cosas, alegó que, durante la vigencia del matrimonio, se estuvieron pagando las mensualidades de una hipoteca con dinero ganancial. En atención a lo cual, reclamó $31,725.00, cantidad equivalente al 50% de la totalidad de los pagos efectuados por concepto de hipoteca.

Por su parte, el 9 de septiembre de 2022, el Sr. Hernández Rey presentó "Contestación a Demanda", y aceptó algunas de las alegaciones y negó otras; además, reconvino. En lo concerniente, arguyó que, como sus ingresos y la propiedad en cuestión son de carácter privativo, éstos no están sujetos a división alguna.

Así las cosas, el 15 de marzo de 2023, el Tribunal de Primera Instancia celebró una vista a la cual comparecieron ambas partes representadas por sus respectivos abogados. Las partes coinciden en el carácter privativo que posee la propiedad gravada con la hipoteca, ya que el apelado la adquirió previo al matrimonio. Sin embargo, la Sra. Collazo Martínez alegó poseer un crédito sobre los pagos que se hacían por concepto de la hipoteca, toda vez que ésta se pagaba con el dinero que el Sr. Hernández Rey recibía por concepto de seguro social, y dicha partida se reputa ganancial. En cambio, el apelado adujo que el dinero recibido por tal concepto es privativo. Evaluados sus argumentos, el foro primario ordenó a las partes a someter sendos escritos expresándose sobre el carácter privativo o ganancial de los ingresos del seguro social.[2]

---

[2] Véase, "Minuta" de la vista celebrada el 15 de marzo de 2023; apéndice pág. 36.

Atendidos los escritos de ambas partes, el 14 de noviembre de 2023,[3] el Tribunal de Primera Instancia emitió "Sentencia Parcial", y concluyó que la pensión recibida por el apelado en concepto de seguro social federal es de carácter privativo. Razonó que, conforme lo resuelto en *Vega v. Soto*, 164 DPR 113 (2005), la pensión recibida por seguro social no está sujeta a embargos y, consecuentemente, la sociedad de gananciales está impedida de reclamar un crédito por el pago realizado a la hipoteca.

En desacuerdo, el 30 de noviembre de 2023, la Sra. Collazo Martínez solicitó la reconsideración del dictamen y, en esencia, argumentó lo siguiente: (1) en términos procesales, no se garantizó el debido proceso de ley, ya que no se presentó prueba que demostrase que, en efecto, la hipoteca se pagaba exclusivamente con dinero de la pensión; (2) no se hicieron determinaciones de hecho, según lo exige la Regla 42.2 de Procedimiento Civil; y (3) el normativo *Vega v. Soto*, *supra*, no es de aplicación al caso de autos.

Ese mismo día, entiéndase, el 30 de noviembre de 2023, el foro *a quo* emitió una "Resolución", y declaró No Ha Lugar la petición de reconsideración presentada por la apelante. Enfatizó que, en la vista celebrada el 15 de marzo de 2023, las partes acordaron que el asunto a dirimir era uno estrictamente en derecho, por lo que, fundamentar la reconsideración en la existencia de controversias de hecho en cuanto a la fuente de los pagos de la hipoteca es contrario a las admisiones judiciales realizadas en la vista.

Aún inconforme, la Sra. Collazo Martínez recurre ante esta segunda instancia judicial, y señala la comisión de los siguientes errores, a saber:

---

[3] Notificada el 15 de noviembre de 2023.

*Erró el TPI y violentó el debido proceso de ley al emitir una Sentencia Parcial disponiendo de una controversia de hechos y de derecho sin haber llevado a cabo una vista evidenciaria cuando no existían estipulaciones de hechos ni mociones dispositivas presentadas conforme a derecho y existe una presunción de gananancialidad que no ha sido rebatida conforme a derecho.*

*Erró el TPI al no incluir determinaciones de hechos en este caso particular que justifiquen la conclusión de derecho del Tribunal.*

*Erró el TPI al concluir que los ingresos mensuales percibidos por el apelado por una pensión del Seguro Social por incapacidad recibidos durante el matrimonio son privativos de éste y no son un fruto recibido por la Sociedad Legal de Gananciales.*

*Erró el TPI al emitir una Sentencia Parcial determinando que la Sociedad Legal de Gananciales no tiene derecho a reclamar un crédito por los pagos realizados por ésta para una hipoteca de una propiedad privativa del apelado.*

*Erró el TPI al aplicar la determinación tomada en el Tribunal Supremo en el caso particular de Vega Rivera vs. Soto Silva, 164 DPR 113 (2005) a los hechos de este caso por tratarse de controversias y solicitudes diferentes.*

## II.

### -A-

El matrimonio puede regirse por distintos regímenes económicos patrimoniales, entre ellos, la sociedad de gananciales. Mediante este régimen económico, "la gestión económica que realiza cada cónyuge se hace en beneficio de dicha sociedad y no para beneficio individual". *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 978 (2010), citando a R. Serrano Geyls, <u>Derecho de familia de Puerto Rico y legislación comparada</u>, San Juan, Ed. U.I.A., 1997, Vol. 1, pág. 338.   En otras palabras, la sociedad de gananciales "es una entidad económica familiar *sui generis*, de características especiales, que no tiene el mismo grado de personalidad jurídica que las sociedades ordinarias o entidades corporativas". *Reyes v. Cantera Ramos, Inc.*, 139 DPR 925, 928 (1996), citando a J.A.

Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Pubs. J.T.S., 1984, Vol. II Cap. IV, pág. 87. Este régimen matrimonial es el que favorece nuestro ordenamiento jurídico, ya que su causa no es el ánimo de lucro, sino la consecución de los fines particulares del matrimonio. *Montalván v. Rodríguez*, 161 DPR 411, 420 (2004).

Declarado roto el vínculo matrimonial, la sociedad de gananciales queda disuelta, por lo que deberá liquidarse el capital común de los excónyuges. De esta forma, los excónyuges hacen suyos, por mitad, las ganancias o los beneficios obtenidos por cualquiera de ellos durante el matrimonio. Art. 508 del Código Civil, 31 LPRA sec. 6952. Esto, pues, bajo este régimen económico matrimonial "ambos cónyuges son los titulares de los bienes comunes en igualdad de derechos y obligaciones". *Íd.*

Ahora bien, mientras no se efectúe la liquidación de dicho capital común, subsiste una comunidad de bienes post ganancial, en la cual los excónyuges ostentan "una cuota abstracta sobre el *totum* ganancial o sobre la masa, y no una cuota concreta sobre cada uno de los bienes". *Pagán Rodríguez v. Registradora*, 177 DPR 522, 532 (2009). Dicha cuota alberga la totalidad de los bienes gananciales que poseen los cónyuges, pues los bienes de carácter privativo no están incluidos en ella.

Ahora bien, el Art. 519 del Código Civil, 31 LPRA sec. 6971, establece una presunción de gananciabilidad sobre los bienes adquiridos en el matrimonio. Se trata de una presunción *iuris tantum*, o sea, que admite prueba en contrario. *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 981 (2010). Por consiguiente, cuando alguno de los excónyuges alega que algún bien adquirido en el matrimonio le pertenece privativamente, éste deberá probarlo. Art. 519 del Código Civil, *supra*. Según ha expresado nuestra Alta Curia, "el peso de la prueba le corresponde al cónyuge que niega la

naturaleza ganancial de esta deuda u obligación". *Muñiz Noriega v. Muñoz Bonet, supra,* a la pág. 981.

**III.**

Según se desprende del trámite procesal ya discutido, la Sra. Collazo Martínez y el Sr. Hernández Rey contrajeron matrimonio el 14 de febrero de 2007.[4] Asimismo, ambas partes reconocen que el inmueble gravado por la hipoteca objeto de esta controversia es un bien privativo del apelado.[5] No obstante, existen discrepancias entre las partes en cuanto al pago de las mensualidades de la hipoteca, específicamente sobre: (1) si la hipoteca se pagaba con dinero privativo o ganancial, y (2) si dicha hipoteca siempre se pagó con el seguro social que recibía el apelado.

La contención del Sr. Hernández Rey es que la hipoteca se pagó exclusivamente con su seguro social, y que la cuantía recibida por tal concepto es privativa. Por el contrario, la postura de la Sra. Collazo Martínez es que la hipoteca se pagó con ingresos generados durante el matrimonio, y que la partida de seguro social recibida por el Sr. Hernández Rey es un bien ganancial sujeto a liquidación.

En su "Sentencia Parcial", el Tribunal de Primera Instancia concluyó "que la pensión recibida por concepto de seguro social por el [apelado] posee un carácter privativo, no sujeto a embargos. Por tanto, la sociedad legal de gananciales no puede reclamar un crédito por el pago realizado a la hipoteca en la propiedad privativa del [apelado]". Así, **el foro recurrido implícitamente determinó que la hipoteca se pagó exclusivamente con el seguro social del apelado**, **sin un ápice de prueba que demostrara este hecho**.

Cónsono con el derecho discutido en el acápite anterior, existe una presunción de ganancialidad sobre los bienes

---

[4] Véase, apéndice pág. 12.
[5] Este hecho lo reconoce la apelante en su escrito, a la pág. 14.

adquiridos en el matrimonio. Aunque esta presunción es controvertible, "el peso de la prueba le corresponde al cónyuge que niega la naturaleza ganancial de esta deuda u obligación". *Muñiz Noriega v. Muñoz Bonet, supra*, a la pág. 981.

En este caso, **el Sr. Hernández Rey no ha presentado evidencia para rebatir esta presunción de gananciabilidad. Le corresponde al apelado presentar prueba que demuestre que, en efecto, desde el año 2012 la hipoteca se pagó únicamente con el seguro social. Asimismo, debemos puntualizar el hecho de que tampoco se desfiló prueba que demuestre que la hipoteca se pagó con fondos privativos durante el periodo en que las partes estuvieron casadas y el apelado todavía no recibía seguro social, entiéndase, desde que las partes contrajeron matrimonio el 14 de febrero de 2007 hasta que el apelado recibió el beneficio del seguro social para el año 2012. Una vez desfilada esta evidencia, entonces le corresponde al foro primario adjudicar la naturaleza de los fondos utilizados para el pago de la hipoteca**.

Resulta necesaria la celebración de una vista evidenciaria donde se desfile prueba sobre éste y otros extremos análogos, más el Tribunal deberá efectuar determinaciones de hecho sobre el particular, según lo exige la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Por tal motivo, devolvemos el caso al Tribunal de Instancia a tales fines.

Debido al resultado que hemos llegado, se hace innecesaria la discusión de los señalamientos de error número tres, cuatro y cinco.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, revocamos la "Sentencia Parcial" apelada, y devolvemos el caso al Tribunal de Primera Instancia, Sala de

Arecibo, para que celebre vista evidenciaria conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones