Brau Ramírez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
La apelante Elizabeth Torres Torres reside en la Región Judicial de Humacao. En 1985, la apelante contrajo matrimonio con Samuel Reyes Bonilla bajo el régimen de sociedad legal de gananciales. El Sr. Samuel Reyes Bonilla es el hijo de los esposos apelados Eulogio Reyes López y Herminia Bonilla Guzmán. Durante su matrimonio, la apelante y el Sr. Reyes Bonilla procrearon un hijo, que es menor de edad.
En 1989, luego de cuatro años de matrimonio, la apelante y el hijo de los apelados se separaron y no volvieron a convivir juntos. De primera intención, no se divorciaron. El menor permaneció viviendo con la apelante.
En marzo de 1996, los apelados, mediante escritura pública, donaron a sus hijos una finca de de 9.689909 cuerdas de terreno ubicada en el Barrio Tejas de Las Piedras. La descripción del predio es la siguiente:

“URBANA: Predio de terreno radicado en el Barrio Tejas del término municipal de Las Piedras, Puerto Rico, 
*895
con una cabida de NUEVE CUERDAS CON SEIS MIL OCHOCIENTOS NUEVE DIEZ MILÉSIMAS DE OTRA (9.689909), equivalentes a TREINTA Y OCHO MIL CUARENTA Y NUEVE METROS CON NUEVE MIL TRESCIENTOS SESENTA Y NUEVE METROS CON DIEZ MILÍMETROS CUADRADOS (38,049.9369 m/c). En lindes por el NORTE, con el Estado Libre Asociado de Puerto Rico (Escuela Intermedia y Expreso Número Treinta (3), por el SUR, con camino municipal, por el ESTE, con la Sucesión de Pablo Ramírez., separados por el Río Humacao y Juan Ares; y por el OESTE, con varios solares segregados y el camino municipal. ”

Según se desprende del récord, los apelados habían proyectado desarrollar un proyecto de viviendas a bajo costo en la propiedad, lo que se disponían a hacer mediante una corporación. Los apelados convinieron en donar la finca a sus hijos, con la condición de que éstos participaran en el proyecto. El hijo de los apelados hizo gestiones para el desarrollo y rezonificación de esta propiedad, las que a la fecha de la donación, no le habían sido pagadas por los apelados.
Pocos meses más tarde de la donación, los apelados instaron la demanda HPE1996-0023 ante el Tribunal de Primera Instancia, Sala Superior de Humacao, contra su hijo Samuel y contra sus otros hijos y solicitaron que se revocara la donación efectuada por ellos. Los apelados alegaron que habían actuado bajo un vicio de consentimiento. 
Aparentemente, Samuel Reyes Bonilla y sus hermanos contestaron la demanda. La apelante no fue notificada del pleito ni participó en los procedimientos.
Estando pendiente el mencionado pleito, el 23 de abril de 1999, el hijo de los apelados instó una demanda de divorcio contra la apelante por la causal de separación ante la Sala Superior de Humacao del Tribunal de Primera Instancia, caso HDI1999-207.
Ese mismo día, los apelados y sus hijos presentaron un acuerdo de transacción en el caso HPE1996-0023, mediante el cual se acordó dejar sin efecto la donación del inmueble y que su titularidad revirtiera a favor de los apelados. Como parte del acuerdo, se le concedió a Samuel Reyes Bonilla un crédito de 26.82926% sobre el producto de cualquier venta de la propiedad. Este crédito fue concedido “en reconocimiento a la labor realizada y en pago a sus servicios profesionales a favor al desarrollo de la finca. ” El Tribunal acogió la transacción acordada y dictó sentencia de conformidad con sus términos el 20 de mayo de 1999.
Poco después, los apelados vendieron la finca objeto de la controversia a la corporación Premium Construction Corporation (“Premium”) por la suma de $945,000.
Poco tiempo después, la apelante se enteró de los trámites en el pleito entre los apelados y sus hijos y de la transacción realizada en el caso HPE1996-00023. El 7 de diciembre de 2000, la apelante presentó una moción en el caso HDI1999-0267 y reclamó su participación en el producto de la venta. La apelante alegó que el crédito de 26.82926% sobre el precio de venta del inmueble concedido por los apelados al esposo de ella, Samuel Reyes Bonilla, era un bien ganancial, por lo que ella tenía derecho a la mitad de esta cantidad. La apelante solicitó al Tribunal que ordenara a su esposo y a los apelados a consignar la participación de éste en el precio de venta, ascendente a $252,195.05.
En respuesta a esta moción, el 11 de diciembre de 2000, el hijo de los apelados presentó una moción de desistimiento de su demanda de divorcio en el caso HDI1999-0267. Al día siguiente, el 12 de diciembre de 2000, el hijo de los apelados y éstos presentaron una moción en el caso HPE1996-00023 en la que solicitaron que se enmendara la sentencia dictada por el Tribunal año y medio antes, el 20 de mayo de 1999. Mediante la enmienda, el hijo de los apelados renunció a su participación en el precio de venta del inmueble, así como a cualquier derecho o acción personal que éste tuviese en contra de sus padres en relación a las gestiones realizadas por él con relación al inmueble. El hijo de los apelados indicó que había recibido un pago de Premium por la cantidad de *896 $77,804.85, que fue utilizado por él, para el pago de gastos incurridos en la rezonificación de la finca.
La apelante no fue notificada de la solicitud de enmienda en el caso HPE1996-0023.
A pesar del tiempo transcurrido desde la emisión de la sentencia, el Tribunal acogió la solicitud presentada por el hijo de los apelados y éstos en el caso HPE1996-00023. El 28 de diciembre de 2000, el Tribunal emitió una sentencia enmendada incorporando los cambios solicitados por las partes a la sentencia de mayo de 1999.
Al día siguiente, el abogado de los apelados se unió a la representación legal de Samuel Reyes Bonilla en el pleito de divorcio. 
La apelante se opuso a que se archivara el pleito de divorcio. En febrero de 2001, la apelante también compareció al caso HPE1996-0023 para impugnar la enmienda a la sentencia original aprobada por el Tribunal. La apelante alegó que el crédito concedido al hijo de los apelados por éstos constituía un bien ganancial y que él no podía renunciar a este crédito, según lo había hecho, sin la anuencia de ella. El Tribunal admitió la intervención.
El hijo de los apelados recurrió ante este Tribunal, caso KLCE01-00872. Mediante sentencia emitida el 24 de septiembre de 2001, este Tribunal concluyó que el Tribunal de Primera Instancia había actuado sin jurisdicción al efectuar su enmienda a la sentencia emitida en el caso HPE1996-0023, por lo que el dictamen original emitido en mayo de 1999 mantenía todo su vigor. En consecuencia, este Tribunal concluyó que, aunque la apelante contaba con una reclamación válida, su intervención resultaba improcedente en la etapa en que se hallaban los procedimientos, ya que el caso había concluido mediante sentencia final y firme.
Luego de otros trámites, el 11 de febrero de 2002, el Tribunal de Primera Instancia emitió su sentencia en el caso de divorcio entre la apelante y el hijo de los apelados, HDI1999-0267. El Tribunal concluyó que no existía controversia en tomo a que la apelante y el hijo de los apelados habían permanecido separados desde 1989 y ordenó la disolución de su matrimonio. En su sentencia, el Tribunal determinó erróneamente, que las partes no habían adquirido bienes gananciales durante su matrimonio.
El 12 de marzo de 2002, la apelante solicitó reconsideración de este dictamen, para que se determinara que las partes sí tenían bienes, en particular, el crédito que el hijo de los apelados tenía contra éstos, según reconocido en la sentencia del caso HPE1996-0023. La moción de la apelante no pudo ser adjudicada por el Tribunal, debido que fue presentada tardíamente. Posteriormente, la apelante acudió ante este Tribunal. El recurso de la apelante también fue desestimado por este foro por haber sido presentado fuera de término.
En septiembre de 2002, la apelante presentó una demanda sobre liquidación de comunidad de bienes gananciales contra el hijo de los apelados ante el Tribunal de Primera Instancia, Sala Superior de Humacao, caso HSCI2002-00903. El hijo de los apelados solicitó que se desestimara la demanda por el fundamento de cosa juzgada e impedimento colateral de sentencia. El hijo de los apelados planteó que la reclamación de la apelante quedaba impedida por la determinación emitida por el Tribunal en el caso de divorcio HDI1999-0267 entre las partes, a los efectos de que durante su matrimonio no habían acumulado bienes gananciales.
El foro de primera instancia se negó a desestimar. El hijo de los apelados acudió ante este Tribunal, caso KLCE-2003-00499. Mediante sentencia emitida el 24 de junio de 2003, este Tribunal revocó la decisión recurrida al concluir que la apelante estaba impedida de alegar que habían existido bienes gananciales en su matrimonio por virtud de la sentencia emitida por el Tribunal de Primera Instancia el 11 de febrero de 2002 en el caso HDI1999-0267.
La apelante recurrió al Tribunal Supremo, caso CC-2004-160.
*897 Pocos días después de la sentencia emitida por este Tribunal, el 3 de julio de 2003, la apelante instó la presente demanda contra los apelados. En su demanda, la apelante solicitó el pago del crédito reconocido por los apelados a favor de su hijo en el caso HPE1996-0023, sobre el precio del inmueble vendido por ellos. La apelante alegó que este crédito era ganancial, por lo que ella tenía derecho a una participación.
Los apelados contestaron la demanda y negaron las alegaciones. Al igual que lo había hecho su hijo en el caso HSCI2002-00903 sobre liquidación de sociedad de bienes gananciales presentado contra él, los apelados alegaron que la demanda de la apelante estaba colateralmente impedida por la sentencia emitida en el caso de divorcio entre la apelante y el hijo de ellos, caso HDI1999-0267, donde se había determinado que las partes no habían acumulado bienes gananciales durante su matrimonio.
Oportunamente, los apelados presentaron una moción de sentencia sumaria en la que solicitaron la desestimación de la demanda. La apelante se opuso.
Pendiente la adjudicación de esta moción, el 6 de junio de 2006, el Tribunal Supremo de Puerto Rico emitió sentencia en el caso CC-2004-160 y revocó el dictamen desestimatorio emitido por este foro en el caso KLCE-2003-00499.
En su sentencia, el Tribunal Supremo de Puerto Rico concluyó que no cabía la aplicación de la cosa juzgada en la reclamación de la apelante contra el hijo de los apelados.
El Tribunal Supremo de Puerto Rico expresó:

“[La doctrina de cosa juzgada] “no es absoluta y debe siempre considerarse conjuntamente con el saludable principio de que debe dispensarse justicia en cada caso....

Conforme con lo anteriormente expresado, hemos indicado que la aludida doctrina no debe ser aplicada de forma rígida ni automática. ... Esto es, los tribunales deberán abstenerse de aplicar la misma cuando al hacerlo se derrotan o se desvirtúan los fines de la justicia, [se] produce[n] resultados absurdos o cuando se plantean consideraciones de interés público...

En lo que respecta al caso hoy ante nuestra consideración, una de estas excepciones tiene lugar cuando la sentencia anterior causa una injusticia grave y manifiesta a la parte afectada...

No podemos mantener la finalidad de una sentencia por encima de un obvio enriquecimiento injusto de una parte...

Somos del criterio que no debemos favorecer a una parte que, durante todo este proceso, se ha dedicado a intentar privar a la otra de su propiedad por medio de artimañas.

El Tribunal ordenó la continuación de la demanda en el caso HSCI2002-00903 contra el hijo de los apelados. ”

Así las cosas, el 26 de octubre de 2007, el Tribunal de Primera Instancia declaró con lugar la moción de desestimación presentada por los apelados en el caso de autos y ordenó la desestimación de la demanda, por fundamentos similares a los invocados por este Tribunal en la sentencia emitida en el caso KLCE-03-00499, que fue revocada por el Tribunal Supremo de Puerto Rico.
En su sentencia, el Tribunal concluyó que la apelante no tenía ninguna causa de acción contra los apelados.
*898 El Tribunal expresó:

“Lo que pretende la demandante es re-litigar lo relacionado a si la sociedad legal de gananciales que hubo entre la demandante y el co-demandado, Sr. Samuel Reyes Bonilla, supuestamente tenía un crédito equivalente al 26.89296% del producto de la venta de un inmueble sito en Las Piedras, en virtud de una transacción judicial. De las varias acciones levantadas por la demandante en distintos foros judiciales, esa ha sido precisamente [su] alegación... Ha habido adjudicaciones en contra de su posición y en las que median sentencias finales y firmes, donde no se le ha concedido remedio. Y entendemos que lo pretendido es atacar colateralmente dichas sentencias. ”

Por otro lado, existe una sentencia de divorcio entre la demandante y el co-demandado, Sr. Samuel Reyes Bonilla, que resolvió que en su matrimonio no hubo bienes entre las partes, caso donde reclamó remedios en torno al... mismo reclamo que hace en relación al crédito aludido y no fue concedido. Como señaláramos, existe vigente actualmente un litigio de liquidación de sociedad legal de gananciales entre la demandante y el co-demandado, Samuel Reyes Bonilla, en el cual se dilucidará si verdaderamente hubo bienes entre éstos; surge de la demanda de liquidación, que es precisamente eso el centro de controversia en dicho caso.
A la luz de las varias instancias en la cual la demandante realizó la misma alegación y no le fue adjudicada, entendemos que no corresponde a este caso adjudicar si hubo bienes o no entre los ex esposos aludidos. Los demandados son totalmente ajenos a la controversia generada entre la demandante y el co-demandado, Samuel Reyes Bonilla, y no se ha demostrado ningún hecho que pueda inducimos a resolver que el presente caso deba continuar.
El Tribunal procedió a desestimar sumariamente la demanda.
Insatisfecha, la apelante acudió ante este Tribunal.
II
En su recurso, la apelante plantea que el Tribunal de Primera Instancia erró al desestimar su demanda sumariamente.
La norma, según se conoce, es que se puede disponer de un caso sumariamente sólo en casos claros en los que el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes, por lo que sólo resta aplicar el derecho. Rivera v. Dpto. de Hacienda, 149 D.P.R. 141, 154-155 (1999); J.A.D.M. v. Centro Com. Plaza Carolina, 132 D.P.R. 785, 802 (1993).
Si existen dudas sobre la procedencia de la sentencia sumaria, el Tribunal debe brindar a las partes la oportunidad de una vista evidenciaría. Véanse, S.L.G. v. S.L.G., 150 D.P.R. 171, 193 (2000); Rivera v. Depto. de Hacienda, 149 D.P.R. _ a la pág. 158; Bonilla Medina v. P.N.P., 140 D.P.R. 294, 304 (1996); Rivera et al. v. Superior Pkg., Inc. et al., 132 D.P.R. 115, 133 (1992).
La moción de sentencia sumaria debe ser evaluada de la forma más favorable a la parte que se opone a la solicitud de sentencia sumaria, y toda inferencia que se haga a base de los hechos y documentos presentados debe ser interpretada de manera favorable a dicha parte. Mgmt. Adm. Servs. Corp. v. E.L.A., 152 D.P.R. 599, 610-611 (2000). En ese proceso, el Tribunal considerará la totalidad de las alegaciones y documentos que obren en el récord. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 913 (1994); Corp. Presiding Bishop of LDS v. Purcell, 117 D.P.R. _, a las págs. 721-723; Flores v. Municipio de Caguas, 114 D.P.R. 521, 525 (1983); Padín v. Rossi, 100 D.P.R. 259, 263-264 (1971).
El peso para demostrar que no existe controversia real sustancial sobre los hechos materiales recae sobre la *899 parte que solicita la sentencia sumaria. Soto v. Rivera, 144 D.P.R. 500, 518 (1997); Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994).
Tiene que haber quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas. Asoc. Pese. Pta. Figueras v. Pto. del Rey, 155 D.P.R. 906, 924 (2002); García Rivera et al. v. Enriquez, 153 D.P.R. 323, 338 (2001).
En el presente caso, el Tribunal de Primera Instancia entendió que la apelante no tenía reclamación alguna contra los apelados. La apelante, según hemos visto, alegó en su demanda que su ex esposo goza de un crédito contra los apelados, conforme se desprende de la sentencia emitida por el Tribunal de Primera Instancia en el caso HPE1996-0023. Este crédito, conforme se desprende de la estipulación entre las partes, fue concedido al hijo de los apelados “en reconocimiento a la labor realizada y en pago a sus servicios profesionales a favor al desarrollo de la finca. ” El crédito alegadamente surgió mientras la apelante y el hijo de los apelados estaban casados y fue declarado por el Tribunal en mayo de 1999, antes de la disolución del matrimonio entre ellos.
La norma es que se reputan gananciales, entre otros, los bienes adquiridos por la industria, sueldo o trabajo de los cónyuges o cualquiera de ellos. 31 L.P.R.A. see. 3641; García v. Montero Saldaña, 107 D.P.R. 319, 330-331 (1978).
En estos casos, aunque la mejor práctica es la inclusión de ambos cónyuges en cualquier reclamación, el Tribunal Supremo de Puerto Rico ha resuelto que cualquiera de ellos puede representar legalmente a la sociedad conyugal. 31 L.P.R.A. see. 286; Bidot v. Urbino, 158 D.P.R. 294, 302-303 (2002); Urbino v. San Juan Racing Assoc., Inc., 141 D.P.R. 210, 214 (1996); Reyes v. Cantera Ramos, Inc., 139 D.P.R. 925, 929 (1996).
Por su parte, el Artículo 1313 del Código Civil dispone que ninguno de los cónyuges podrá donar, enajenar, ni obligar a título oneroso, los bienes muebles e inmuebles de la sociedad de gananciales, sin el consentimiento del otro, excepto las cosas destinadas al uso de la familia o personales de acuerdo con la posición social o económica de ambos. 31 L.P.R.A. see. 3672; S.L.G. Sierra v. Rodríguez, 163 D.P.R. _ (2005), 2005 J.T.S. 21, a la pág. 751; Soto v. Rivera, 144 D.P.R. a las págs. 511-514; Banco de Ahorro del Oeste v. Santos, 112 D.P.R. 70, 74 (1982).
El artículo añade que todo acto de disposición o administración que sobre dichos bienes haga cualquiera de los cónyuges en contravención a la citada disposición, “no perjudicará al otro cónyuge ni a sus herederos. ” 31 L. P.R.A. see. 3672; S.L.G. Sierra v. Rodríguez, 2005 J.T.S. 21, a la pág. 751.
En el presente caso, la apelante tiene un claro derecho a reclamar a los apelados el pago del crédito ganancial existente. Esta, desde luego, es una controversia distinta a la división y liquidación de esta cuantía, que la apelante solicita en su demanda contra su ex esposo. 
Existe controversia entre las partes, en este sentido, sobre el trasfondo del crédito reclamado por la apelante y en torno a si la condonación de la deuda que el hijo de los apelados hizo o intentó realizar en el caso HPE1996-0023 fue un acto nulo, dirigido a defraudar a la apelante de su participación en el haber ganancial. En estas circunstancias, el Tribunal venía impedido de disponer sumariamente de la controversia.
Los apelados han reclamado que la apelante está impedida de presentar su reclamación, por los principios de cosa juzgada e impedimento colateral, ya que en el caso de divorcio HDI1999-0267 entre la apelante y el hijo de los apelados, el Tribunal determinó que las partes no habían acumulado bienes gananciales.
Este argumento fue expresamente rechazado por el Tribunal Supremo de Puerto Rico en la sentencia emitida el 6 de junio de 2005 en el recurso CC-2004-160 entre la apelante y el hijo de los apelados. En el presente caso, se *900 trata de los mismos hechos que ya fueron juzgados por nuestra más alta superioridad. Los apelados no exponen argumento o hecho adicional alguno que justifique apartamos de lo ya resuelto por el Tribunal Supremo de Puerto Rico.
Por los fundamentos expresados, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos en conformidad con este dictamen.
Lo pronunció y lo manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2008 DTA 31
1. La apelada Herminia Bonilla Guzmán falleció luego de comenzado el litigio. Fue sustituida por sus herederos Benjamín, Juan, José, Félix y Samuel Reyes Bonilla. Observamos que, en la sentencia emitida el 6 de junio de 2005 por el Tribunal Supremo en el caso CC-2004-160, se menciona la existencia de otra hermana, Magdalie Reyes Bonilla. No surge si ésta ha sido incluida en el caso de autos.
2. Según indicado, los apelados proyectaban el desarrollo de un proyecto de viviendas en la propiedad, para lo cual, además de la donación, planificaban organizar una corporación con sus hijos. Supuestamente, Samuel le dijo a los apelados que los demás hijos no tenían que estar presentes en el otorgamiento de las escrituras, por lo que el día en que se otorgó la donación y se constituyó la corporación que estaría a cargo del desarrollo de la finca, sólo comparecieron los apelados y éste. Esto dio lugar a que los otros hermanos cuestionaran la transacción y a que los apelados decidieran dejarla sin efecto.
3. El récord refleja que la apelante solicitó la descalificación de este abogado, lo que fue denegado por el Tribunal de Primera instancia.
4. Posiblemente, sin embargo, la consolidación de ambas controversias haga más fácil la tarea del Tribunal de Primera Instancia, ya que las defensas de los apelados en el presente litigio dependen, en gran medida, de los acuerdos llegados por los apelados con su hijo Samuel Reyes Bonilla, quien es el demandado en el caso HSCI2002-00903.