RUBÉN TORRES REYES y otro, peticionarios, *v.* TRIBUNAL SUPERIOR DE SAN JUAN, HON. FAUSTO RAMOS QUIRÓS, JUEZ, recurrido; INTERNATIONAL BASIC ECONOMY CORPORATION, conocida por IBEC, interventora.

*Número:* C-66-78          *Resuelto:* 3 de mayo de 1967

*Peñagarícano & Lloveras,* abogados de los peticionarios; *Fiddler, González & Rodríguez* y *Federico Tilén,* abogados de la interventora.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Dávila y Ramírez Bages.

PER CURIAM: Rubén Torres Reyes y Juan Vázquez interpusieron una demanda que contiene dos causas de acción, contra International Basic Economy Corporation, en reclamación de daños por vicios de construcción en sus respectivas casas residencias.

A solicitud de la demandada el Tribunal Superior dictó resolución en 8 de junio de 1966 desestimando la demanda. Acordamos revisarla.

Dicha resolución lee textualmente así:

"En ausencia de alegaciones sobre datos y fechas en que las partes entraron en relación contractual, o de relación jurídica de donde haya nacido exigibilidad de obligación que pueda ameritar el remedio solicitado por los demandantes, se declara con lugar la desestimación de la demanda sin perjuicio.

Entiende además el Tribunal que las causas de acciones instadas no deben acumularse y sí radicarse por separados y solicitarse si fuera procedente la consolidación de los casos."

En verdad las alegaciones de la demanda han podido exponerse con mayor claridad y certeza. Sin embargo, no por ello podemos concluir que la demanda deje de exponer una reclamación que justifique la concesión de un remedio.

En la primera causa de acción se alega que Rubén Torres Reyes es propietario de un solar con residencia sita en la Urbanización Villa del Rey, en Caguas, P.R., y cuya edificación fue construida por la demandada IBEC; que dicha edificación tenía vicios ocultos de construcción al momento de ad-

quirir la propiedad. Se detallan los vicios y los daños que alega el demandante haber sufrido como consecuencia de dichos vicios.

En la segunda causa de acción se hacen alegaciones similares en cuanto a la residencia del co-demandante Juan Vázquez Díaz, sita en la misma Urbanización Villa del Rey de Caguas.

■ La demanda no contiene alegación alguna que establezca la relación de vendedor y comprador entre los demandantes y la demandada. Sin embargo, interpretando las alegaciones liberalmente, puede concluirse que los demandantes están ejercitando la causa de acción que el Art. 1483 del Código Civil (31 L.P.R.A. sec. 4124), concede al dueño contra el contratista de un edificio que se arruinase por vicios de la construcción. Véase *Géigel* v. *Mariani*, 85 D.P.R. 46 (1962).

■ Por otro lado, aun en los casos en que hay una indebida acumulación de partes, ello no constituye motivo para desestimar un pleito. Regla 18 de Procedimiento Civil.

*Se revocará la resolución dictada por el Tribunal Superior, Sala de San Juan, en 8 de junio de 1966 y se devolverá el caso para ulteriores procedimientos.*