ROBERTO MELÉNDEZ y OTROS, demandantes y recurridos, *v.* LEVITT AND SONS OF PUERTO RICO, INC., codemandada y recurrente.

Número: O-76-562          Resuelto: 19 de octubre de 1977

438

*O'Neill & Borges, Raúl E. González Díaz* y *Wilda Joy Nin,* abogados de la peticionaria; *Juan T. Peñagarícano, Jr.,* abogado de los recurridos.

PER CURIAM: Interesa la peticionaria que revisemos la resolución dictada por el tribunal de instancia por medio de la cual desestimó los siguientes dos planteamientos: (1) que el tribunal carece de jurisdicción para entender en estos casos porque cada uno de los demandantes debió haber cancelado el sello de rentas internas de $10.00 y el sello forense de $1.00 y no habiéndose hecho así, son nulas las demandas y (2) no procede el nombramiento de un Comisionado Especial.

La resolución recurrida sostiene que basta que se cancele un sello de rentas internas de $10.00 y un sello forense de $1.00 para cada una de las demandas. La referida resolución sostiene, además, la procedencia de la designación de un Comisionado Especial en sustitución del que había renunciado.

No erró el tribunal al negarse a desestimar las demandas. La omisión de unir a un escrito los correspondientes sellos de rentas internas lo hace nulo e ineficaz y una demanda radicada sin los correspondientes sellos, debe ser tenida por no presentada. *Maldonado* v. *Pichardo,* 104 D.P.R. 778 (1976). Pero lo que la ley dispone es el arancel que deberá pagarse a los Secretarios de los tribunales por cada

demanda en pleito civil contencioso ante el Tribunal Superior, 32 L.P.R.A. sec. 1477(A). La ley se refiere claramente a cada demanda y no a cada demandante.

El planteamiento de la peticionaria se reduce a cuestionar la acumulación de varios demandantes bajo la Regla 17.1 de las de Procedimiento Civil. Dispone dicha regla:

"Cualquier número de personas podrá acumularse en un pleito, como demandantes o como demandados, si reclamaren o se reclamare contra ellas mancomunada, solidariamente, o en la alternativa cualquier derecho a un remedio relacionado con, o que surja de la misma transacción, evento, o serie de transacciones o eventos siempre que cualquier cuestión de hecho o de derecho, común a todas, hubiere de surgir en el pleito. No será requisito que un demandante o demandado tenga interés en obtener o defenderse de todo el remedio solicitado. Podrá dictarse sentencia a favor de uno o más demandantes de acuerdo con sus respectivos derechos a un remedio y contra uno o más demandados de acuerdo con sus respectivas responsabilidades."

■ Hemos resuelto que: "aun en los casos en que hay una indebida acumulación de partes, ello no constituye motivo para desestimar un pleito." *Torres Reyes* v. *Tribunal Superior*, 94 D.P.R. 398, 400 (1967). Cumplidos los requisitos que señala la Regla 17.1, es discrecional del tribunal de instancia permitir o no la acumulación. Este Tribunal no intervendrá con tal discreción, salvo casos de craso abuso.

■ Entendemos que no abusó de su discreción el tribunal al permitir la acumulación. La Regla 17.1 exige dos requisitos para que sea permisible la acumulación de demandantes: (1) que reclamen mancomunada, solidaria o alternativamente cualquier derecho a un remedio relacionado con, o que surja de la misma transacción, evento, o serie de transacciones o eventos; (2) la existencia de cualquier cuestión de hecho o de derecho común a todas las reclamaciones. En el presente caso se trata de reclamaciones que surgen de la misma serie de transacciones o eventos. Además hay cuestión de hecho común a todas las reclamaciones, que son los alegados vicios en

la construcción de las residencias. (¹) La cuestión de derecho común es la responsabilidad de la constructora por estos vicios.

■ No podemos favorecer una interpretación restrictiva de esta Regla. En *Carrasquillo* v. *Tribunal Superior*, 87 D.P.R. 661 (1963), examinamos la acumulación de demandados y no de demandantes. Es significativo, sin embargo, lo que allí dijimos a la pág. 668: "[l]a tendencia de las cortes es a favorecer la acumulación en aras de evitar el inconveniente, la pérdida de tiempo, y la duplicidad de costas al celebrarse juicios por separado."

■ La Regla 20(a) de las de Procedimiento Civil Federal, similar a la Regla 17.1 nuestra, ha sido interpretada liberalmente a favor de la acumulación. Véanse Wright and Miller, *Federal Practice and Procedure*, Vol. 7, secs. 1652, 1656 y Moore, *Federal Practice*, sec. 2005. Así, por ejemplo, se ha permitido a los pasajeros de una guagua que sufren daños en un accidente demandar juntos al causante del daño. *Matanuska Valley Lines, Inc.* v. *Neal*, 229 F.2d 136 (1955). Se ha decidido también que nada tiene que ver la ausencia de relación entre las personas que sufren el daño. Es común la práctica de la acumulación de demandantes en pleitos contra compañías constructoras incoados por los que alegan haber sufrido daños en virtud de vicios de construcción. Así, por ejemplo, en *Pereira* v. *I.B.E.C.*, 95 D.P.R. 28 (1967), fueron incluidos 75 demandantes. Véase además, *Rivera* v. *Caribbean Home Const. Corp.*, 100 D.P.R. 106 (1971). En la jurisdicción federal, véase *Balkind* v. *Tri-Pak Development Corp.*, 17 F.R. Serv.2d 77 (1973). En este caso se permitió bajo la Regla 20(a) la acumulación de varios compradores

---

(¹) Los vicios alegados en todas las demandas se relacionan entre sí. Dichos vicios se reducen prácticamente a grietas y manchas en los pisos y paredes, losetas y zócalos despegados, desprendimiento del empañetado, filtraciones y grietas en los techos, asentamientos y pintura en malas condiciones en los marcos de las puertas.

que demandaron a la vendedora de sus casas por defectos en la construcción de éstas, causados por el uso de unos materiales que no eran los que supuestamente debían ser usados.

■ El segundo error no fue cometido. Desde 1974, año en que se determinó nombrar al Comisionado, "Levitt" tuvo la oportunidad de atacar la procedencia de dicho nombramiento y no lo hizo. Mediante su inacción, la recurrente asintió a la procedencia de tal nombramiento. Su ataque ahora es tardío.

*Se confirmará la resolución recurrida y se devolverá el caso al tribunal de instancia para ulteriores procedimientos consistentes con esta opinión.*

Los Jueces Asociados Señores Rigau y Martín no intervinieron.