EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Rodríguez Quiñones, Maritza Ramos Mercado, la Sociedad Legal de Gananciales constituida entre ambos, y Yulia Rodríguez Ramos, representada por sus padres José Rodríguez Quiñones y Maritza Ramos Mercado<br><br>Peticionarios<br><br>v.<br><br>Municipio Autónomo de Guayama y otros<br><br>Recurridos | Certiorari<br><br>2018 TSPR 1<br><br>199 \_\_\_\_ |

Número del Caso: CC-2016-0103

Fecha: 3 de enero de 2018

Tribunal de Apelaciones:

    Región Judicial de Guayama, Panel VII

Abogadas de la Parte Peticionaria:

    Lcda. Margarita Carillo Iturrino
    Lcda. Maribel Rivera Monzón

Abogado de la Parte Recurrida:

    Lcdo. Héctor Fuertes Romeu

Materia: Sentencia del Tribunal con Opinión disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Rodríguez Quiñones, Maritza Ramos Mercado, la Sociedad Legal de Gananciales constituida entre ambos, y Yulia Rodríguez Ramos, representada por sus padres José Rodríguez Quiñones y Maritza Ramos Mercado<br><br>Peticionarios<br><br>v.<br><br>Municipio Autónomo de Guayama y otros<br><br>Recurridos | CC-2016-0103 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 3 de enero de 2018.

Debemos resolver si procede anotarles la rebeldía a varios codemandados que comparecieron por primera vez en el pleito mediante una enmienda a la contestación a la demanda, sin pagar el arancel correspondiente. Veamos los hechos que dieron inicio a esta controversia.

I

El 22 de abril de 2014, el Sr. José Rodríguez Quiñones, su esposa, la Sra. Maritza Ramos Mercado, la Sociedad Legal de Gananciales constituida por ambos y la joven Yulia Rodríguez Ramos,[1] (en conjunto, peticionarios), presentaron

---

[1] Representada por sus padres.

una demanda sobre daños y perjuicios contra Feria Dulce Sueño, Inc. (FDS), Federación del Deporte de Caballos de Paso Fino de Puerto Rico, Inc. (Federación), la Asociación Insular de Dueños y Criadores de Caballos de Paso Fino Puro Puertorriqueños, Inc. (Asociación), las respectivas juntas de directores de estas tres corporaciones,[2] así como las aseguradoras A, B, C, D, entre otros.

Entre abril y junio de 2014, los peticionarios emplazaron a los siguientes codemandados: Federación, Américo Delgado, Tere Font, Asociación, Rafael de Ángel Ramírez, Víctor Flores, Guillermo Artau, Luis Ortiz, José Cabiya y Bartolo Echevarría.[3] El 23 de junio de 2014 esos diez codemandados, representados por los licenciados Alberto R. Fuertes Masarovic y Héctor L. Fuertes Romeu, presentaron en conjunto su contestación a la demanda. Incluyeron con su comparecencia el pago del arancel correspondiente.

Luego de esta primera contestación a la demanda, el escrito se enmendó en varias ocasiones para añadir como

---

[2] Los miembros de las juntas de directores se incluyeron en su carácter oficial y personal. Las respectivas juntas están compuestas por las siguientes personas:
- Feria Dulce Sueño, Inc.: Rafael Terrassa, Hostos Gallardo, José Manuel Vivó, Eduardo A. Martín y Lorenzo Beiró;
- Federación del Deporte de Caballos de Paso Fino de Puerto Rico, Inc.: Américo Delgado, Francisco Gelpí, José Ismael Cabiya, Juan Santiago, Tere Font, Jaime Giraud, Georgina Montañez, Franqui Fullana, Rafael Billoch, Humberto Figueroa y Rodolfo Maldonado;
- Asociación Insular de Dueños y Criadores de Caballos de Paso Fino Puro Puertorriqueños, Inc.: Rafael de Ángel Ramírez, Otoniel Guzmán, Guillermo Artau, Bartolo Echevarría, Rosángela Guzmán, Víctor Flores, Luis Ortiz, José Santiago, Carlos López, Gilberto Torres e Hiram Figueroa.

[3] Surge del alegato de los codemandados que el 27 de mayo de 2014 y el 29 de mayo de 2014 presentaron mociones solicitando prórroga para contestar la demanda. Sin embargo, el 4 de junio de 2014 la Secretaría del Tribunal de Primera Instancia, Sala de Guayama, las devolvió por no incluir los aranceles correspondientes.

comparecientes a los codemandados que se emplazaban. Es decir, entre junio y agosto de 2014, se emplazó a Jaime Giraud, Francisco Gelpí, Otoniel Guzmán, Rosángela Guzmán y Georgina Montañez.[4] Estos últimos comparecieron por primera vez en el pleito mediante una *Contestación a Demanda Enmendada*,[5] que incluía también a los diez codemandados originales. Este escrito no incluyó el pago de un arancel.[6] El 20 de octubre de 2014, se presentó otra *Contestación a Demanda Enmendada* en la cual se añadió al licenciado Fuertes Romero como compareciente. Esa comparecencia incluyó los aranceles correspondientes.

Durante los meses de diciembre de 2014 y enero de 2015, se presentó una *Contestación Enmendada a Demanda Enmendada* (se añadió a los codemandados Pao Soldevila, Juan Santiago, Humberto Figueroa, Rafael Billoch y Héctor Orizondo); una *Segunda Contestación Enmendada a Demanda Enmendada* (se añadió a los codemandados Gilberto Torres y José A. Santiago); y una *Tercera Contestación Enmendada a Demanda Enmendada* (se añadió a los codemandados Hiram Figueroa y Carlos López). Con la presentación de estos escritos no se incluyó un arancel de presentación. Por otro lado el codemandado

---

[4] El 4 de agosto de 2014, se presentó la contestación a la demanda de Jaime Giraud y Francisco Gelpí y el 22 de agosto de 2014, la correspondiente a Otoniel Guzmán, Rosángela Guzmán, Dr. Bartolo Echevarría y Georgina Montañez. Sin embargo, la Secretaría del Tribunal de Primera Instancia, Sala de Guayama, devolvió ambas contestaciones por no incluir los aranceles correspondientes.

[5] El 14 de agosto de 2014 se presentó una demanda enmendada y días después se expidieron los emplazamientos correspondientes a los siguientes demandados adicionales: Pao Soldevila, Héctor Orizondo y Héctor Fuertes (abogado de los codemandados).

[6] Los peticionarios alegan que el 29 de septiembre de 2014, la Secretaría del Tribunal de Primera Instancia le notificó a la parte recurrida la deficiencia en cuanto al pago de aranceles.

Rodolfo Maldonado presentó una *Moción Informativa*. Alegó que no fue emplazado correctamente. A pesar de ser su primera comparecencia no acompañó el arancel correspondiente.[7]

Posteriormente, los peticionarios solicitaron que se les anotara la rebeldía a los siguientes demandados: Bartolo Echevarría, Jaime Giraud, Francisco Gelpí, Otoniel Guzmán, Rosángela Guzmán, Georgina Montañez, Pao Soldevila, Juan Santiago, Humberto Figueroa, Rafael Billoch, Héctor Orizondo, Gilberto Torres, José A. Santiago, Hiram Figueroa, Carlos López y Rodolfo Maldonado. Explicaron que estos omitieron cancelar el arancel correspondiente en los documentos que constituían su primera comparecencia con la intención de defraudar al erario. Argumentaron que, al no cancelar los aranceles correspondientes, los escritos son nulos e ineficaces, por lo cual esos codemandados no contestaron la demanda dentro del término aplicable.

Por su parte, esos codemandados señalaron que "no sería razonable, económicamente hablando, tener que obligar a cada codemandado, a quienes representa **un solo abogado**, a pagar $75.00 de sello inicial de comparecencia, en cada ocasión que el demandante emplaza, por los mismos **hechos y circunstancias**, en este caso, veinticinco (25) codemandados".[8] (énfasis en el original). Los peticionarios presentaron una réplica y argumentaron, entre otras cosas,

---

[7] El Sr. Rodolfo Maldonado presentó la moción el 10 de noviembre de 2014 por conducto de su representante legal, el Lcdo. Héctor L. Fuertes Romeu. El 18 de noviembre de 2014, el foro primario la declaró con lugar y ordenó a los peticionarios a proveer evidencia del emplazamiento diligenciado en un término de 20 días.
[8] *Moción en Cumplimiento de Orden*, Apéndice, pág. 118.

que nuestro ordenamiento no permite enmendar una contestación a la demanda para añadir codemandados; solo se pueden enmendar las alegaciones o las defensas afirmativas.

El Tribunal de Primera Instancia emitió una *Resolución*, en la que denegó la *Moción solicitando se decrete nulidad e ineficacia de ciertos documentos y anotación de rebeldía*, "debido a que se representan las partes por la misma acción".[9]

Insatisfechos, los peticionarios recurrieron al Tribunal de Apelaciones el cual denegó expedir el recurso presentado. Señaló que este Tribunal estableció un arancel "por la primera alegación de la parte demandada en pleito civil contencioso". Véase In re Aprob. Derechos Arancelarios RJ, 192 DPR 397 (2015). Concluyó:

> La mejor, y más razonable, interpretación de dicho lenguaje, y la más cónsona con la práctica diaria en nuestros tribunales, es que cada demandado no tiene, individualmente, que pagar sello por su primera comparecencia, salvo que estén representados por abogados distintos. Véase, por ejemplo, *Meléndez v. Levitt & Sons [of P.R., Inc.]*, 106 DPR 437 (1977) (los demandantes, aunque sean varios, pagan un solo sello, pues éste se cobra por demanda).[10]

Los peticionarios solicitaron reconsideración sin éxito. En consecuencia, presentaron un recurso de *certiorari* ante este Tribunal. Alegaron que erró el Tribunal de Apelaciones al denegar el recurso de *certiorari* por entender, basándose erróneamente en Meléndez v. Levitt & Sons of P.R., Inc., 106 DPR 437 (1977), "que cuando se trata de varios codemandados que presentan individualmente sus

---

[9] *Resolución* del Tribunal de Primera Instancia, Apéndice, pág. 127.
[10] *Resolución* del Tribunal de Apelaciones, Apéndice, pág. 154.

contestaciones a la demanda en distintos momentos no tiene cada uno de ellos que cancelar el arancel de rentas internas por su primera comparecencia, salvo que estén representados por distintos abogados".[11]

Tras analizar la controversia, expedimos el recurso. Con el beneficio de los alegatos de ambas partes, resolvemos.

## II

En nuestro ordenamiento jurídico se requiere el pago de aranceles para, entre otras cosas, tramitar acciones civiles en los tribunales. Dicha exigencia tiene como propósito cubrir los gastos correspondientes al trámite judicial. M-Care Compounding *et al* v. Depto. Salud, 186 DPR 159, 174 (2012); Gran Vista I v. Gutiérrez y otros, 170 DPR 174, 188 (2007). Según las disposiciones del Código de Enjuiciamiento Civil,

> todos y cada uno de los documentos o escritos que requieran el pago de derechos para su presentación ante el tribunal serán nulos y sin valor y no se admitirán como prueba en juicio, a menos que dicho pago esté debidamente evidenciado, conforme a las normas que a tales fines establezca el(la) Juez(a) Presidente(a) del Tribunal Supremo o la persona en quien éste(a) delegue. 32 LPRA sec. 1481.

Dicha sanción pretende evitar fraudes al erario. M-Care Compounding *et al* v. Depto. Salud, supra, pág. 176; Gran Vista I v. Gutiérrez y otros, supra, pág. 189.

Sin embargo, existen ciertas situaciones en las cuales la omisión de adherir los sellos de rentas internas no conlleva la nulidad del documento. En particular, el Código

---

[11] Petición de *certiorari*, pág. 9.

de Enjuiciamiento Civil exime del pago de aranceles a las personas indigentes. 32 LPRA sec. 1482. Asimismo, este Tribunal estableció que

> (...) [S]i una persona solicita por primera vez en la etapa apelativa que se le permita litigar como indigente, sin que medie fraude o colusión de su parte, y el tribunal rechaza su petición, no se desestimará su recurso si presenta los aranceles correspondientes después de vencido el plazo apelativo, una vez se deniega la solicitud para litigar in forma pauperis.
>
> También hemos dispuesto como una excepción a la regla de nulidad que la desestimación no procede cuando la deficiencia arancelaria ocurre sin intervención de la parte ni intención de defraudar, sino por inadvertencia de un funcionario judicial, que acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden. Tampoco es nulo el escrito judicial si la insuficiencia se debió a las instrucciones erróneas del Secretario del tribunal, sin intervención de la parte, colusión o intención de defraudar. M-Care Compounding et al v. Depto. Salud, supra, págs. 176-177 (Énfasis suplido).

A tono con lo anterior, "en circunstancias en las que no haya mediado fraude o colusión, un escrito que no pagó los aranceles correspondientes no será nulo sino anulable". Íd., pág. 180. En ese caso, el error puede subsanarse mediante el pago del arancel correspondiente. Íd., pág. 177.

Mediante la Ley Núm. 47 de 30 de julio de 2009 (Ley Núm. 47), la Asamblea Legislativa sustituyó la estructura arancelaria establecida en el Código de Enjuiciamiento Civil por una basada en un pago único. [12] Es decir, cada parte tiene que pagar los derechos que correspondan para la tramitación

---

[12] Véase sección 2 de la Ley Núm. 17 de 11 de marzo de 1915 (Ley Núm. 17), 32 LPRA sec. 1477.

del recurso o acción judicial en su primera comparecencia ante el foro judicial pertinente. Art. 2 de la Ley Núm. 47. De esa manera, se eliminó el requisito de adherir sellos de rentas internas a cada moción o escrito radicado con posterioridad a la presentación inicial del recurso o acción judicial. Exposición de Motivos de la Ley Núm. 47.

Dicha Ley facultó además a este Tribunal a establecer mediante Resolución "los derechos que habrán de pagarse a los(as) Secretarios(as), Alguaciles y a todo el personal de la Rama Judicial que efectúe funciones de recaudación en cualquier dependencia judicial, así como los renglones que estarán sujetos al pago de tales derechos". Art. 3 de la Ley Núm. 47.

A esos fines, esta Curia estableció unos derechos arancelarios en el 2010, según el procedimiento que estableció la Ley Núm. 47. In re Aprobación Der. Arancelarios R.J., 179 DPR 985 (2010).[13] El arancel pertinente a este caso se encuentra en la parte I de la Resolución que emitió este Tribunal, la cual dispone los "*Derechos de presentación que deberán pagarse a los secretarios en casos de naturaleza civil y a otros funcionarios de la rama judicial con funciones de recaudación*". Íd., pág. 987. Entre estos, se requiere el pago de un arancel "[p]or la primera alegación de la parte demandada en pleito civil contencioso, sea contestación o moción en el Tribunal de Primera Instancia,

---

[13] Posteriormente, el 9 de marzo de 2015 emitimos una Resolución mediante la cual adoptamos nuevamente unos derechos arancelarios. Véase In re Aprob. Derechos Arancelarios RJ, 192 DPR 397 (2015).

con excepción del recurso de expropiación forzosa, que estará libre del pago de derechos". Íd.

Examinado el derecho aplicable, resolvemos.

III

Debemos determinar si los codemandados podían presentar su primera alegación mediante una enmienda a la contestación a la demanda, sin pagar el arancel correspondiente, o si procede anotarles la rebeldía por ser nulos los escritos. El foro apelativo intermedio no expidió el recurso por entender que "cada demandado no tiene, individualmente, que pagar sello por su primera comparecencia, salvo que estén representados por abogados distintos".[14] En apoyo de lo anterior, citó lo resuelto por este Tribunal en Meléndez v. Levitt & Sons of P.R., Inc., 106 DPR 437 (1977). En ese caso se examinó el arancel que requería la sección 2 de la Ley Núm. 17 para presentar una demanda. Esta Curia señaló que "lo que la ley dispone es el arancel que deberá pagarse a los Secretarios de los tribunales por cada demanda en pleito civil contencioso ante el Tribunal Superior, 32 LPRA sec. 1477(A). La ley se refiere claramente a cada demanda y no a cada demandante". Íd., págs. 438-439.[15]

Al examinar el arancel en controversia, surge que este

---

[14] Resolución del Tribunal de Apelaciones, Apéndice, pág. 154.
[15] El lenguaje interpretado en ese caso-"[p]or cada demanda en pleito civil contencioso ante el Tribunal de Primera Instancia"- se utilizó por este Tribunal al establecer los aranceles en el 2010 y 2015. Véase In re Aprob. Derechos Arancelarios RJ, 192 DPR 397 (2015); In re Aprobación Der. Arancelarios R.J., 179 DPR 985 (2010).

requiere el pago de derechos "por la primera alegación de la parte demandada". In re Aprobación Der. Arancelarios R.J., supra, pág. 987. Por tanto, al igual que en Meléndez v. Levitt & Sons of P.R., Inc., supra, entendemos que se refiere al escrito y no a cada demandado por sí solo. Esto significa que cuando se presenta una contestación a la demanda y se acumulan varios codemandados, no se tiene que pagar un arancel individual por cada uno de ellos.

Sin embargo, la situación en este caso es distinta y va en contra de dicha norma. Según el trámite expuesto, los representantes legales de los codemandados decidieron presentar una contestación a la demanda y, posteriormente, enmendarla tres veces para incluir al resto de sus clientes, sin pagar arancel alguno. El problema es que al realizar dicha acción, presentaron escritos que constituyeron "la primera alegación" de varios demandados en el pleito sin pagar los derechos de presentación correspondientes en contravención al inciso aplicable. Véase Art. 2 de la Ley Núm. 47 ("Bajo esta nueva estructura, cada parte pagará los derechos que correspondan para la tramitación del recurso o acción judicial en su primera comparecencia ante el Tribunal de Primera Instancia, ante el Tribunal de Apelaciones o ante el Tribunal Supremo"). Por lo tanto, y según la norma generalizada en las secretarías de nuestros tribunales, los representantes legales tenían que pagar un arancel cada vez que enmendaban el escrito para añadir codemandados, pues constituía la primera alegación de esos demandados.

A modo de ejemplo, cuando se presentó la *Contestación Enmendada a Demanda Enmendada* el 15 de diciembre de 2014 y se incluyó a los codemandados Pao Soldevila, Juan Santiago, Humberto Figueroa, Rafael Billoch y Héctor Orizondo, se tenía que incluir un arancel por $75, por ser la primera alegación de estos. Procedía lo mismo cuando se presentó la *Segunda Contestación Enmendada a Demanda Enmendada* el 14 de enero de 2015 y la *Tercera Contestación Enmendada a Demanda Enmendada* el 29 de enero de 2015. Nuevamente aclaramos que, a diferencia de lo que alega la parte demandada, no tiene que pagar un arancel por cada demandando, sino por cada escrito que represente la primera alegación de uno o varios de ellos. Resuelto lo anterior, procede determinar si los escritos en controversia son nulos en vista de que no se pagaron los aranceles correspondientes. Según mencionado, hemos reconocido situaciones en las cuales dicha omisión no conlleva la nulidad del documento. Entre estas se encuentra "cuando la deficiencia arancelaria ocurre sin intervención de la parte ni intención de defraudar, sino por inadvertencia de un funcionario judicial, que acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden". M-Care Compounding *et al* v. Depto. Salud, supra, pág. 177.

Examinado el trámite ante el foro primario, si bien la parte había sido apercibida sobre la deficiencia en cuanto al pago de los aranceles, no existen elementos suficientes para concluir que los codemandados hayan tenido la intención

de defraudar al erario al presentar los documentos pertinentes. Además, la Secretaría del Tribunal de Primera Instancia, Sala de Guayama, aceptó las últimas tres contestaciones enmendadas a demanda enmendada y no surge del expediente que haya notificado la deficiencia en cuanto al pago de aranceles. Esta inadvertencia contribuyó a que no se adhirieran los aranceles en este caso.

En consecuencia, no procede decretar la nulidad de los escritos, sino que se paguen los aranceles restantes.

IV

Por los fundamentos expuestos, se revoca la *Resolución* del Tribunal de Apelaciones que denegó la expedición del recurso de *certiorari*, así como la *Resolución* que emitió el Tribunal de Primera Instancia el 22 de septiembre de 2015. Se devuelve el caso al Tribunal de Primera Instancia para que, antes de continuar con los procedimientos, ordene el pago de los aranceles conforme a lo aquí dispuesto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una Opinión disidente a la cual se unieron el Juez Asociado señor Martínez Torres, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Rodríguez Quiñones
y otros

      Peticionarios

       v.               CC-2016-103     Certiorari

Municipio Autónomo de
Guayama y otros

      Recurridos

Opinión disidente emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ a la cual se le unen el Juez Asociado SEÑOR MARTÍNEZ TORRES, la Jueza Asociada SEÑORA PABÓN CHARNECO y el Juez Asociado SEÑOR RIVERA GARCÍA

San Juan, Puerto Rico, a 3 de enero de 2018.

A pesar que estoy de acuerdo con el razonamiento de que varios codemandados no deben pagar arancel de forma individual si comparecen simultáneamente en la contestación a la demanda, disiento de la determinación tomada por una Mayoría de este Tribunal, en tanto resuelve que si los nuevos codemandados comparecen por primera vez a través de una enmienda a la contestación a la demanda, están obligados a pagar aranceles por su comparecencia. Veamos.

I

Por estar bien detallada la situación fáctica

en la Sentencia, me circunscribo a exponer un resumen de los hechos y los fundamentos que sustentan mi disenso.

En este caso, los peticionarios demandaron a más de veinticinco personas tanto naturales como jurídicas. Sin embargo, estos codemandados fueron emplazados en diferentes fechas desde abril a diciembre de 2014. Así, los primeros diez codemandados emplazados comparecieron juntos en un sólo escrito contestando la demanda dentro del término aplicable y con los aranceles correspondientes. A su vez, mientras los demandantes iban emplazando a los otros codemandados, la representación legal de la parte demandada enmendaba la contestación a la demanda para añadirlos como comparecientes, igualmente dentro del término de treinta días aplicable. No obstante, en las referidas enmiendas no se incluía pago alguno del arancel de presentación por los nuevos codemandados que comparecían.[16] Es por ello, que los peticionarios solicitaron que se anotara la rebeldía a esos codemandados que no pagaron los aranceles. Plantearon que esos codemandados que comparecieron por primera vez vía enmiendas a la contestación de demanda, en realidad nunca comparecieron al Tribunal de Primera Instancia, toda vez que el defecto de no adherir aranceles convirtió las referidas

---

[16] Cabe señalar que el Lcdo. Héctor L. Fuertes Romeu, al comparecer como codemandado sí incluyó el pago del arancel.

enmiendas en escritos radicalmente nulos. Por tanto, al ser nulos esos escritos, no presentaron contestación a la demanda válida dentro del término aplicable y se debía anotar la rebeldía. Así las cosas, el Tribunal de Primera Instancia denegó tal solicitud. A su vez, el Tribunal de Apelaciones denegó expedir el recurso.

**II**

Nuestro Código de Enjuiciamiento Civil dispone, sobre los aranceles de presentación, que se tendrá un sistema de pago único por concepto de derechos de presentación en la **primera comparecencia de cada parte** ante los tribunales. 32 LPRA sec. 1476. Es decir, se requiere solamente el pago de aranceles por **la primera comparecencia de cada parte** en el primer escrito presentado ante los tribunales. Véase R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2017, pág. 210; W.O. Alomar Jiménez y C. Lewis, Práctica Apelativa, 83 Rev. Jur. UPR 751, 784 (2014). Así lo reiteró la Asamblea Legislativa al aprobar la Ley Núm. 47-2009[17] y fue reconocido por este

---

[17]En el Artículo 2 de la Ley Núm. 47-2009 se dispone lo siguiente: "Bajo esta nueva estructura, **cada parte** pagará los derechos que correspondan para la tramitación del recurso o acción judicial **en su primera comparecencia** ante el Tribunal de Primera Instancia, ante el Tribunal de Apelaciones o ante el Tribunal Supremo". (énfasis suplido). A su vez, en la Exposición de motivos se indicó lo siguiente:

Tribunal.[18] Para la implantación de ese pago único, el Artículo 3 de esa Ley facultó a este Tribunal para que estableciéramos los derechos que habrán que pagarse. En virtud de esa facultad, emitimos una Resolución, In re Aprobación Der. Arancelario R.J., 179 DPR 985 (2010), en la cual establecimos los derechos de presentación que deberán pagarse en los casos de naturaleza civil. Específicamente, dispusimos lo siguiente:

> A. **Por cada demanda** en pleito civil contencioso ante el Tribunal de Primera Instancia, excepto en demandas en que se reclamen exclusivamente alimentos, las que estarán exentas del pago de derechos ...................Sala Superior - $75.00; Sala Municipal - $50.00
>
> . . . . . . .
>
> B. **Por la primera alegación de la parte demandada** en pleito civil contencioso, sea contestación o moción en el Tribunal de Primera Instancia, con excepción del recurso de expropiación forzosa, que estará libre del pago de derechos..............Sala

---

Además, provee para que se simplifique el sistema de pago al establecer un pago único en la **primera comparecencia de cada parte** en causas civiles presentadas ante el Tribunal de Primera Instancia, ante el Tribunal de Apelaciones y ante el Tribunal Supremo, eliminando los aranceles que se debían adherir a cada moción o escrito radicado con posterioridad a la presentación inicial de la acción o recurso judicial. 2009 (Parte 1) Leyes de Puerto Rico 467 (énfasis suplido).

[18] In re Aprobación Der. Arancelario R.J., 179 DPR 985, 986 (2010). Allí expresamos que "la Ley Núm. 47 sienta las bases para el establecimiento de un sistema de pago único **en la primera comparecencia de cada parte** en causas civiles presentadas ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones y este Tribunal".

Superior - $75; Sala Municipal - $50. Íd.,
pág. 987 (énfasis suplido).

Mientras, en Meléndez v. Levitts & Sons of PR,
Inc., 106 DPR 437 (1977), tuvimos la oportunidad de
interpretar el efecto que tiene la acumulación de
demandantes sobre la cuantía a pagarse en concepto de
aranceles. En esa ocasión, indicamos que, conforme a las
disposiciones del Código de Enjuiciamiento Civil, el
arancel a pagarse se fijaba por cada demanda y no por
cada demandante acumulado. Íd., pág. 438-439.

**III**

Una lectura armoniosa e integral de la ley y la
jurisprudencia me obliga a opinar que los codemandados
incluidos al pleito de forma paulatina a través de
distintas enmiendas a la contestación a la demanda no
deben pagar un nuevo arancel. Eso es lo correcto, justo
y equitativo. Sin embargo, una Mayoría de este Tribunal
hace una distinción de lo resuelto en Meléndez v.
Levitts & Sons of PR, Inc., supra, utilizando como
factor el momento en que comparecen los codemandados.
Así, concluyen que si los codemandados comparecen
simultáneamente no deben pagar más de un arancel. En
cambio, y de forma anómala, resuelven que si comparecen
en momentos distintos, aunque sea mediante enmiendas a
la contestación a la demanda, deben pagar arancel porque
se trata de la primera comparecencia de los nuevos
codemandados. Esta decisión, lamentablemente, se

fundamenta en un razonamiento rígido y automático de que cada enmienda constituye la primera alegación del grupo de codemandados que se incluyeron. Respetuosamente, no estoy de acuerdo con tal razonamiento.

En el caso de los demandantes, según Meléndez v. Levitts & Sons of PR, Inc., supra, se paga arancel por cada demanda. Entiéndase, por cada escrito. De igual forma, debe ocurrir en la contestación a la demanda. El hecho de que se incluyan a codemandados por enmiendas a la contestación a la demanda no debe arrojar un resultado distinto. Ello, pues, no se trata de un documento distinto. Al contrario, y tal como su nombre lo establece, es el mismo documento, pero enmendado. En términos prácticos, lo que sucede es que se enmienda la demanda para incluir a aquellos codemandados que no se emplazaron coetáneamente, y por ende, no comparecieron de forma simultánea representados por el mismo abogado o abogada y pagando un sólo arancel.

Como es sabido, de ordinario, en la demanda comparecen **todos los demandantes juntos** en un mismo documento. Por el contrario, como surge en este caso, los codemandados no tienen el mismo control para comparecer todos vía un único documento, puesto que el demandante es quien se encarga de cuándo y cómo les notifica la reclamación en su contra. Por tanto, su comparecencia se verá limitada por el ejercicio del emplazamiento. Es decir, la fecha de la comparecencia de

los codemandados dependerá de cuándo fue que el demandante los emplazó. Así, como en este caso, si los demandantes se tardan meses en emplazar entre uno y otros codemandados, cada uno comparecerá en tiempos distintos aunque desde el principio pudieron comparecer simultáneamente y pagar un sólo arancel.[19] Ello, ya que no se someterán voluntariamente a la jurisdicción sino hasta que sean emplazados.

Por tanto, el dictamen por el que hoy disiento permitiría al demandante un control injustificado sobre los costos de litigación para su contraparte, creando un riesgo de que se desvirtúe el propósito de las reglas procesales para el trámite ordenado de los litigios y el objetivo del pago de aranceles.

Por ende, estoy de acuerdo con el razonamiento del Tribunal de Apelaciones al dictaminar que "cada demandado no tiene, individualmente, que pagar sello por primera comparecencia, salvo que estén representados por abogados distintos". Resolución del Tribunal de Apelaciones, Apéndice de *certiorari*, pág. 154. Ello es lo más razonable y lo más armonioso con la nueva estructura del pago único en la **primera comparecencia de cada parte**. Un examen de la contestación a la demanda y

---

[19] Como ejemplo, si una familia de cuatro personas fuera demandada, el demandante podría emplazar a cada uno con treinta días de diferencias. Ello obligaría a cada uno a contestar de forma individual y pagar el arancel. Mientras, si comparecen de forma simultánea sólo deberían pagar un arancel.

las subsiguientes enmiendas demuestra que lo que se hizo, esencialmente, fue incorporar a los nuevos codemandados. Por tanto, es forzoso concluir que la única razón de ser de las enmiendas a la contestación a la demanda fue que el demandante emplazó a los codemandados en tiempos distintos. De no haber sido así, todos hubieran comparecido de forma simultánea. Por lo cual, no debemos penalizar a los codemandados, ni encarecer irrazonablemente sus costos de litigación. Máxime, cuando vienen fragmentadamente al pleito de forma involuntaria, por las acciones del demandante.

Por último, debo señalar que no estoy de acuerdo con el razonamiento mayoritario de que por ser una norma generalizada en las secretarías de los tribunales, debemos resolver que los representantes legales tienen que pagar un arancel cada vez que enmiendan el escrito para añadir codemandados. Véase Sentencia, pág. 10. El hecho de que una práctica sea uso y costumbre en las secretarías no necesariamente significa que sea correcta y justa para todos. Lo correcto en este caso es que los codemandados que se incluyeron en las enmiendas a la contestación a la demanda no paguen los aranceles de presentación. Ya fueron pagados en la contestación original de la demanda. Como ese no fue el curso de acción mayoritario, no me queda más que disentir.

**IV**

Por los fundamentos que anteceden, disiento del curso de acción seguido por una Mayoría de este Tribunal. En su lugar, confirmaría al Tribunal de Apelaciones y hubiera determinado que los codemandados incluidos en las enmiendas a la contestación a la demanda no deben pagar los aranceles de presentación.


                                        Luis F. Estrella Martínez
                                             Juez Asociado