Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| COOPERATIVA DE AHORRO Y CRÉDITO DE CABO ROJO  Apelante | KLAN202400197 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez |
|---|---|---|
| v. |  | Caso Núm.: ISCI201600842 |
| BAHÍA DEL SOL DEVELOPMENT CORP.  Apelado |  | Sobre: Ejecución de Hipoteca |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de marzo de 2024.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se

Número Identificador

SEN2024 _____

considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

De otra parte, la Regla 17 del *Reglamento del Tribunal de Apelaciones* permite que varias personas afectadas por una misma sentencia presenten un solo recurso de apelación conjuntamente, o que el foro apelativo consolide apelaciones que han sido presentadas individualmente, a condición de que los derechos en alzada sean compatibles. Regla 17 del Tribunal de Apelaciones, *supra*. Véase, también, *Silva Barreto v. Tejada Martell*, 199 DPR 311 (2017). Igualmente, la Regla 80.1 le da a este foro apelativo la potestad de consolidar resoluciones u órdenes por iniciativa propia o a solicitud de parte. Regla 80.1 del Tribunal de Apelaciones, *supra*. Véase, también, *Silva Barreto v. Tejada Martell*, *supra*.

Teniendo en cuenta lo anterior, el Tribunal Supremo ha determinado que una parte tiene derecho a apelar simultáneamente de varias determinaciones interlocutorias del foro de primera instancia, siempre y cuando provengan de un mismo caso y que el recurso se presente dentro del término dispuesto en ley. *Silva Barreto v. Tejada Martell*, *supra*. Además, aclara, que el hecho que una de las determinaciones interlocutorias no fuera presentada a tiempo, no será impedimento para examinar el resto de las determinaciones que hayan sido presentadas oportunamente. Íd.

Sin embargo, para poder presentar distintos recursos apelativos de diversas sentencias, la parte peticionaria debe pagar los derechos

arancelarios correspondientes. *Ortiz v. Holsum de PR, Inc.*, 190 DPR 511 (2014) (citando a *In re Aprob. Der. Arancelarios*, 179 DPR 985 (2010)). De no pagarse tales aranceles, los documentos o escritos presentados ante el tribunal serán nulos. Sec. 5 de la Ley de Aranceles de Puerto Rico, Ley Núm. 17 de 11 de marzo de 1915 (32 LPRA sec. 1481). Véase, también, *Silva Barreto v. Tejada Martell*, *supra*; *Ortiz v. Holsum de PR, Inc.*, *supra*; *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159 (2012); *Meléndez v. Levitt & Sons of PR, Inc.*, 106 DPR 437 (1997); *Maldonado v. Pichardo*, 104 DPR 778 (1976)).

En el presente caso, la apelante pretende acudir ante este Tribunal para apelar diversas sentencias sin pagar los aranceles correspondientes. Según el expediente, la apelante solicita que revoquemos dos sentencias, una del caso ISCI2016-00842 y otra del caso ISCI2017-00150. Si bien el foro primario había consolidado estos casos con el caso MZ2022CV01353; no obstante, en el ISCI2016-00842, el mismo foro posteriormente ordenó a su Secretaría que eliminara del caso MZ2022CV01353 los epígrafes de los casos ISCI2016-00842 e ISCI2017-00150, con lo cual abrogó la consolidación previamente hecha. Aún más, es evidente que la sentencia del ISCI2016-00842 es una final, ya que en esta se desestima el caso por duplicidad, mientras que la sentencia del ISCI2017-00150 es una parcial, por declarar nula la sentencia de un caso distinto a los ya mencionados.

A esos efectos, y por los dispuesto en nuestro ordenamiento, la apelante dejó de pagar los aranceles correspondientes a lo que debían ser dos recursos distintos, ya que las sentencias recurridas no provienen del mismo caso, ni constituyen actos interlocutorios entre sí. En

consecuencia, la apelación presentada en tales circunstancias es ineficaz y priva a este Tribunal de Apelaciones de jurisdicción para evaluar la controversia en sus méritos.

Por los fundamentos expuestos, desestimamos el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones