```
ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V
```

| | | |
|---|---|---|
| WE, LLC<br><br>        Apelante<br><br>        v.<br><br>ONE ASIA PUERTO RICO, INC; VALIANGELIC FERNÁNDEZ, ET AL.<br><br>        Apelada | **KLAN202500124** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Guaynabo<br><br>Civil Núm. GB2023CV00975<br><br>Sobre: Cobro de dinero Ordinario |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de marzo de 2025.

Comparece ante este foro WE, LLC (WE o apelante) y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guaynabo, notificada el 11 de diciembre de 2024. Mediante el aludido dictamen, el foro primario declaró Ha Lugar la *Moción de Desestimación* presentada por One Asia Puerto Rico, la Sra. Valiangelic Fernández, fulano de tal y la Sociedad Legal de Bienes Gananciales Compuesta por Ambos (parte apelada). En consecuencia, desestimó la *Demanda* de epígrafe con perjuicio e impuso al apelante el pago de las costas del litigio y el pago por la suma de $500.00 en concepto de honorarios de abogado a favor de la parte apelada.

Por lo fundamentos que expondremos a continuación, se **DESESTIMA** el recurso por falta de jurisdicción.

### I.

El 25 de octubre de 2023, WE presentó una *Demanda* en cobro de dinero en contra de la parte apelada.[1] En esencia alegó que, esta le adeudaba la suma de $37,000.00 por razón

---

[1] *Demanda*, Anejo II, págs. 4-5 del apéndice del recurso.

de adelantos de pagos por mercancía, intereses, costas, gastos y honorarios de abogado. En respuesta, el 29 de diciembre de 2023, la parte apelada presentó una *Moción de Desestimación*.[2] Mediante esta, arguyó que la *Demanda* no presentaba alegaciones específicas que justificaran la concesión de un remedio. Particularmente, planteó que la reclamación carecía de hechos específicos que apoyaran la causa de acción en cobro de dinero. Además, esbozó que procedía la desestimación del pleito por insuficiencia en el emplazamiento.

Por su parte, el 18 de enero de 2024, el apelante presentó su *Oposición a Moción de Desestimación*.[3] Manifestó que, la parte apelada tenía conocimiento de los hechos del caso. Específicamente, sostuvo que intercambió varios mensajes de texto con la parte apelada respecto a una suma de dinero adeudada.[4]

Así las cosas, el 26 de febrero de 2024, WE presentó una *Moción Para Enmendar Demanda Y Una Propuesta de Demanda Enmendada* a los fines de detallar sus alegaciones.[5] Cónsono con lo anterior, el 12 de marzo de 2024, el foro primario notificó una *Orden*, mediante la cual concedió quince (15) días a la parte apelada para que presentara su posición en cuanto al efecto de enmendar la *Demanda*.[6]

En cumplimiento con lo anterior, el 2 de abril de 2024, la parte apelada presentó su *Moción en Cumplimiento de Orden en Oposición a la Propuesta Demanda Enmendada y*

---

[2] *Moción de Desestimación*, Anejo III, págs. 6-15 del apéndice del recurso.
[3] *Oposición a Moción de Desestimación*, Anejo IV, págs. 16-24 del apéndice del recurso.
[4] El 31 de enero de 2024, la parte apelada presentó su *Réplica a la Oposición a Moción de Desestimación [SUMAC 12]*, en la cual reiteró sus planteamientos iniciales. *Réplica a la Oposición a Moción de Desestimación [SUMAC 12]*, Anejo V, págs. 26-33 del apéndice del recurso.
[5] *Moción Para Enmendar Demanda Y Una Propuesta de Demanda Enmendada*, Anejo VI, págs. 34-44 del apéndice del recurso.
[6] *Orden*, Anejo VII, pág. 45 del apéndice del recurso.

*Reiterando Moción de Desestimación*.[7] En esta, adujo que la enmienda a la *Demanda* no procedía, puesto que se presentó de manera tardía. Asimismo, argumentó que procedía la desestimación del pleito de epígrafe, a pesar de las enmiendas propuestas por el apelante. Finalmente, reiteró que la enmienda a la *Demanda* dejaba de exponer una reclamación que justificara la concesión de un remedio.

Luego de examinar los planteamientos presentados por las partes, el 11 de diciembre de 2024, el foro primario notificó su *Sentencia* la cual declaró Ha Lugar la *Moción de Desestimación* presentada por la parte apelada.[8] En consecuencia, desestimó la *Demanda* de epígrafe con perjuicio e impuso al apelante el pago de las costas del litigio y una suma de $500.00 en concepto de honorarios de abogado a favor de la parte apelada.

Particularmente, el foro primario concluyó que la *Demanda* no contenía alegaciones con el propósito de sustentar su reclamo. Resaltó, que la única alegación específica en la *Demanda* original era que la parte apelada le adeudaba $37,000.00 por adelantos de pagos por mercancía. De igual forma, determinó que la *Demanda* se limitó a presentar capturas de pantalla de redes sociales. Ello sin explicar de qué forma dichas fotografías podían afectarle. Por otra parte, indicó que el apelante incluyó una captura de pantalla de una conversación con *Valy China*, sin establecer la fecha de dicha conversación ni explicar el propósito de esta a los fines del caso. Por ello, razonó que WE no logró formular una reclamación que justificara un remedio. Enfatizó que, tampoco logró demostrar de qué forma la parte apelada era responsable

---

[7] *Moción en Cumplimiento de Orden en Oposición a la Propuesta Demanda Enmendada y Reiterando Moción de Desestimación*, Anejo VII, págs. 47-57 del apéndice del recurso.
[8] *Sentencia*, Anejo IX, páginas, 58-66 del apéndice del recurso.

solidariamente, ni desde cuándo se adeudaba la cantidad reclamada. Reiteró que, dichas alegaciones no estaban respaldadas por prueba clara y convincente.

Respecto a la *Demanda Enmendada* propuesta, resolvió que el apelante se limitó a mencionar de manera conclusoria, que existía una deuda líquida, vencida y exigible, sin especificar los hechos pertinentes. Explicó que, dicho proceder puso en un estado de indefensión a la parte apelada. Así pues, determinó que procedía la desestimación en contra de la parte apelada.

Inconforme, el 26 de diciembre de 2025, WE presentó su *Moción de Reconsideración Para la Determinación de Hechos y Conclusiones de Derecho Iniciales Adicionales*.[9] En esencia, indicó que la *Demanda Enmendada* incluyó alegaciones específicas con relación a los hechos del caso. Además, propuso unos hechos adicionales para la consideración del foro primario.

El 14 de enero de 2025, el foro primario notificó una *Orden* declarando No Ha Lugar la moción de reconsideración.[10] Aún inconforme, el 14 de febrero de 2025, el apelante presentó el recurso que nos ocupa y formuló el siguiente señalamiento de error:

> Erró el honorable Tribunal de Primera Instancia al ordenar la desestimación de la demanda.

Atendido el recurso, el 19 de febrero de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto en el Reglamento de este Tribunal para presentar su alegato contados a partir del 13 de febrero de 2025. En la misma fecha, emitimos una *Resolución Nunc Pro Tunc* a los fines de advertir que el término para presentar el alegato en oposición comenzó a transcurrir a

---

[9] Moción *de Reconsideración Para la Determinación de Hechos y Conclusiones de Derecho Iniciales Adicionales*, Anejo X, págs. 67-72 del apéndice del recurso.
[10] *Orden*, Anejo I, págs. 1-2 del apéndice del recurso.

partir del 14 de febrero de 2025, fecha en que el apelante presentó el recurso ante este Tribunal de Apelaciones.

Conforme ordenado, el 4 de marzo de 2025, la parte apelada presentó una *Moción de Desestimación por Falta de Jurisdicción*. En esencia, adujo que el término jurisdiccional de treinta (30) días para presentar el recurso ante este Tribunal de Apelaciones comenzó a transcurrir el 14 de enero de 2025, fecha en que el foro primario notificó la *Orden* declarando No Ha Lugar la *Moción de Reconsideración* presentada por el apelante. No obstante, resaltó que WE presentó el recurso apelación el 14 de febrero de 225. Entiéndase, un (1) día después de vencido el término de treinta (30) días que provee nuestro Reglamento. Particularmente, señaló que, aunque el apelante presentó el recurso en la Secretaría de este Tribunal el 13 de enero de 2025, no pagó los aranceles correspondientes hasta el día siguiente, el 14 de enero de 2025, por lo que se debe entender que presentó el recurso de manera tardía. Por ello, razonó que este Tribunal carecía de jurisdicción para atender el recurso de epígrafe y, en consecuencia, procedía la desestimación conforme a la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.

Atendida dicha moción, el 10 de marzo de 2025, emitimos una *Resolución* concediéndole a la parte apelante el término de cinco (5) días para expresarse respecto a la *Moción de Desestimación por Falta de Jurisdicción*. En cumplimiento con lo anterior, el 17 de marzo de 2025, WE presentó su *Moción en Cumplimiento*. En síntesis, esbozó que la parte apelada intentó aprovecharse de un error que no afectaba su capacidad para oponerse al recurso. Sostuvo que estos no presentaron alegaciones con relación al perjuicio que les causó presentar los aranceles el 14 de

febrero de 2025. De igual forma, indicó que no hubo intención de defraudar a las partes ni al Tribunal y, que notificó a tiempo la presentaron del recurso a la otra parte.

Estando en posición de resolver, procedemos a así hacerlo.

## II.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). Es norma reiterada que los tribunales tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias presentadas ante su consideración, puesto que estamos llamados a ser celosos guardianes de nuestra jurisdicción. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).

Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción sobre la materia y sobre la persona de los litigantes para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar*. Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012).

Ahora bien, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar, pues, no tenemos discreción para asumir jurisdicción donde no la hay. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015).

Particularmente, a nivel apelativo, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, faculta a este foro a desestimar un recurso, a solicitud de parte o *motu proprio*, si se satisface alguno

de los criterios contenidos en dicha regla. La referida regla dispone, en lo pertinente, lo siguiente:

[…]

**(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:**

**(1)  que el Tribunal de Apelaciones carece de jurisdicción;**

[…]

**(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.** (Énfasis suplido).

[…]

Una de las instancias que priva de jurisdicción a este foro apelativo es la presentación de un recurso tardío. Un recurso es tardío cuando se presenta luego de haber transcurrido el término dispuesto para ello. *Yumac Home v. Empresas Masso,* a la pág. 107. Un recurso presentado tardíamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre toda vez que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

### III.

Evaluado el legajo ante nos, concluimos que este foro revisor carece de jurisdicción para atender el presente recurso. Veamos.

En su *Moción de Desestimación por Falta de Jurisdicción*, la parte apelada aduce que el término jurisdiccional de treinta (30) días para presentar el recurso ante este Tribunal de Apelaciones comenzó a transcurrir el 14 de enero de 2025, fecha en que el foro primario notificó la *Orden* declarando *No Ha Lugar* la *Moción de Reconsideración* presentada por el apelante. No obstante, enfatiza que el apelante presentó dicho recurso

el 14 de febrero de 2025. Entiéndase, un (1) día después de vencido el término de treinta (30) días que provee nuestro Reglamento. Así pues, reitera que este Tribunal carece de jurisdicción para atender el recurso de epígrafe y, en consecuencia, procede la desestimación conforme a la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.

Por su parte, el apelante presentó su *Moción en Cumplimiento*. En síntesis, admitió que cometió un error que no afectaba la capacidad de la parte apelada para oponerse al recurso. Sostiene que, estos no presentaron alegaciones con relación al perjuicio que les causó la presentación de los aranceles el 14 de febrero de 2025. De igual forma, indica que no hubo intención de defraudar y, que notificó en tiempo la presentaron del recurso a la otra parte.

Del expediente ante nuestra consideración surge que, el apelante presentó el recurso el 13 de febrero de 2025. Sin embargo, la Secretaría de este Tribunal emitió una *Certificación de Deficiencia en Arancel de Presentación*. En esta, apercibió al apelante que faltaban $102.00 para completar los aranceles requeridos por ley para la presentación del recurso. A su vez, dicha certificación aclaró que el defecto fue subsanado el 14 de febrero de 2025. Así pues, la Secretaría procedió a anular la fecha del 13 de febrero de 2025, y estampar una nueva fecha de presentación del recurso, siendo esta el 14 de febrero de 2025.

No obstante, no podemos olvidar que, el término de treinta (30) días para presentar una apelación ante este Tribunal es uno jurisdiccional. Nuestro Tribunal Supremo ha expresado que es nulo e ineficaz un escrito judicial al cual no se le han adherido los correspondientes sellos de

rentas internas. *Meléndez v. Levitt & Sons of PR, Inc.*, 106 DPR 437 (1977). "Son nulos y sin valor todos los documentos o escritos presentados ante los tribunales en que se omita fijar el sello o sellos de rentas internas dispuestos para el pago de derechos arancelarios". 32 LPRA. sec. 1481. *Maldonado v. Pichardo*, 104 DPR 778, 781 (1976).

Así pues, para que el recurso quedara perfeccionado, era requisito que el apelante presentara el pago de los aranceles dentro del término jurisdiccional. Por ello, la presentación del recurso tardío nos privó de jurisdicción para atenderlo. *Yumac Home v. Empresas Masso,* supra.

Ante este cuadro fáctico, procedemos a desestimar el presente recurso por falta de jurisdicción ante su presentación tardía.

## IV.

Por todo lo antes expuesto, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones